WESTERN DIS
September, 1833.

ARCENAUX
vs.
HIS CREDITORS

ARCENAUX vs. HIS CREDITORS.

APPEAL FROM THE FIFTH DISTRICT, THE JUDGE THEREOF PRESIDING.

An insolvent cannot oppose the distribution among his creditors of any sum of money in the syndic's hands, on account of irregularities in the sale of the surrendered property, of overcharge by the syndic, or his omission to charge himself with what he is legally chargeable.

If the sale of the insolvent's property has been illegally conducted by the syndic, it can be set aside only by the proper action between the proper parties; and the homologation of the tableau of distribution cannot preclude the insolvent, or affect any right to which the illegality might give rise.

The syndics of the insolvent filed a tableau of distribution, to which he and his wife made a joint and several opposition. They complained that the wife had not been placed on the tableau as a privileged creditor for the amount of her dotal property; that the sales of ceded property of the insolvent should have taken place on the same terms and with the same formalities as provided for sales of property seized in execution. They averred, that notice of the times and places of the sales as was required by the 2180th article of the *Louisiana Code*, had not been given by the syndics, so that he was unable to attend at the sales and appoint an appraiser; that for want of the appraisement required by the 671st article of the *Code of Practice*, all the sales of the insolvent's property were illegal. They also complain that several of the slaves belonging to the insolvent's estate were sold in New-Orleans, instead of being sold in the parish of La Fayette, the insolvent's domicil; and that the syndics had not accounted to the creditors for the fruits and revenues of at least a portion of the surrendered property. They jointly and severally prayed that the purchasers at the sales and the syndics be cited and served with copies of their opposition; that the sales be declared null and void; and that the syndics be decreed to account for the revenues of the ceded property until the legal sale.

The judge *a quo* sustained the wife's claim and directed the tableau to be amended accordingly, but he overruled the other grounds of opposition, ordered the tableau to be homologated, and payment of the debts to be made in conformity thereto.  The insolvent and his wife appealed.

*Jones*, for the appellants, urged:

1.  That the wife of the insolvent had an interest in the decision of the case, and was entitled to notice of sale by the syndics, as she is a privileged creditor of the insolvent, and is equally interested with him in any property that remains, in consideration of the marriage and community of property. *La. Code* 2369.

2.  Her interest is direct, because she is not only a privileged creditor of the succession, but is entitled to half the remainder when the debts are paid: she has, therefore, a deep interest that the estate be not diminished or destroyed by the mismanagement of the syndics.

3.  The husband and wife have a joint interest in opposing the irregularities of the proceedings in the disposition of their joint property.

4.  The debtor preserves his ownership of the property surrendered, and may divest his creditors of the possession at any time on payment of his debts and costs.  He is at any rate entitled to the surplus after paying his debts.  *La. Code,* 2174, 2175.

5.  The sale of surrendered property must be made on the same terms and under the same formalities as property seized in execution.  And although the act of 1826, § 3, authorises the creditors to vary the terms, they canno' dispense with the formalities.  *La. Code,* 2180.  7 *Mar. N. S.* 180.

6.  The law requires that previous to these sales, the party whose property is seized, (if it be immoveable,) shall be summoned, by having a written notice delivered to him in person, to appear on the day of sale, &c.  *C. Pr.* 671.

7.  The syndics in this case, occupy the place of the sheriff as the representatives of the creditors and choose an ap-

praiser for them, but on account of their adverse interest, cannot choose one for the insolvent debtor.

8. The opposition was improperly and prematurely overruled, as the appellants prayed to have the syndics and *purchasers* cited to defend; that the sales were illegal and should be rescinded.

9. The syndics are bound to account for any increase in the property, or its income, revenue, or fruits, &c.; and most of the property surrendered being slaves, was of the character to increase, and produce fruits or revenues. *La. Code*, 2171.

10. The syndics improperly charged their commissions on the whole of the property sold, when in fact $1929 was on a credit and is not yet collected or received by them.

*Crow, contra.*

1. That the judgment of homologation is correct, because all of the creditors were regularly notified that the tableau of distribution was presented for homologation, and none of them made opposition.

2. The insolvent debtor had no right in law to make opposition on the grounds alleged by him. The law does not require notice of sale to the insolvent. After surrender and acceptance of his property, he is divested of all rights to it *in presenti*, which is vested in his creditors. 2 *Moreau's Dig.* 437. 2 *La. Rep.* 354. 4 *Mar. N. S.* 620. 7 *Mar. N. S.* 180. 9 *Mar.* 493.

3. The wife was wholly without interest and could not be heard in opposition until she showed she was a creditor. This she could not do. She has appealed from a judgment rendered in her favor, and of which she does not complain so far as relates to herself.

4. There is no evidence to show that any fruits or revenues were realized by the syndics for which to make them accountable. In fact, none accrued and none were received. The syndics had difficulty in getting the slaves out of the possession of the insolvent; and after they had succeeded, were unable to hire them, until they were sold.

5. To the complaint that the syndic s charged commissions on the whole amount of the sales, when a balance is still uncollected and unpaid, it is a sufficient answer to say, that this point was not raised in the pleadings or opposition and cannot now be heard. 8 *Mar.* 67.

WESTERN DIS
*September*, 1833.

ARCENAUX
*vs.*
HIS CREDITORS

MARTIN J. delivered the opinion of the court.

The insolvent and his wife complain of a judgment homologating a tabl au of distribution, presented by the syndics, and overruling the opposition thereto.

This opposition which was joint and several, was grounded on the irregularity of the sale of the surrendered property, the syndic's neglect to charge themselves with a certain sum, and an overcharge in their commissions.

Mrs. Arcenaux obtained a collocation on the tableau for the amount she claimed and in a proper place. She has actually received what she asked, and therefore is without any interests as a creditor, and we know not any she may claim as the insolvent's wife.

The insolvent has certainly a claim for any part of his estate, or if the produce thereof, in the hands of the syndics, or which ought to be there after his creditors are satisfied. This is all he may claim in regard to the surrendered estate. The distribution of any sum that may be in the syndics' hands at any time among his creditors, cannot be opposed by him on account of any irregularity in the sale of the surrendered property, or of any overcharge made by the syndics, or their failure to charge themselves with any sums for which they are legally chargeable. For nothing of this kind ought to prevent the creditors from receiving whatever be in the hands of their syndics. If the sale has been illegally conducted, it can only be set aside, and the property recovered by a proper suit against proper parties; and we are not aware that the homologation of the tableau could preclude the insolvents, or affect any right to which this irregularity might give a rise, or to any claim he might have against the syndics after the creditors were all paid, if he could show that from their neglect in giving proper

An insolvent cannot oppose the distribution among his creditors of any sum of money in the syndic's hands, on account of irregularities in the sale of the surrendered property, of overcharge by the syndic, or his omission to charge himself with what he is legally chargeable.

If the sale of the insolvent's property has been illegally conducted by the syndic, it can be set aside only by the proper action between the proper parties and the homologation of the tableau of distribution cannot preclude the insolvent, or affect any right to which the illegality might give rise.

2

credits, or from illegal charges, they have destroyed or ad_ministered what he might be entitled to after his creditors are fully paid.

The District Court did not err in overruling the joint and several opposition.

It is therefore ordered, adjudged, and decreed, that the judgment be affirmed with costs.