WESTERN DIST.
October, 1839.

GIBSON *vs.* HUIE, AND DIGGS *vs.* HUNTER ET AL.
CONSOLIDATED CASES.

GIBSON *vs.* HUIE,
AND DIGGS
*vs.*
HUNTER ET AL.

ON A REHEARING.

| 14 | 129 |
|----|-----|
| 111 | 1091 |

| 14 | 129 |
|----|-----|
| f122 | 261 |

Where the defendant is found, or resides within the state, he cannot be cited to appear in a different jurisdiction, from that in which he may be at the time of bringing suit. In such a case one district court has no power to issue process to be served within the jurisdiction of another and a different court.

A debtor, having no residence or fixed domicil in the state, may be sued wherever he is found; but suit must be brought in the court having jurisdiction over the place where he is found.

Where a defendant *avers* that a certain note, held by him, and attached in the hands of the makers, was transferred by him before service and notice of the attachment, and fails to show this, it will be taken for granted he was still in possession.

If a promissory note be attached in the hands of the makers before it is due, the holder and defendant cannot defeat the attachment by transferring the note, after notice to the garnishees.

Attachments of negotiable paper in the hands of the makers, does not restrain its negotiability, provided the transfer be made before maturity and without notice of the existing attachment to innocent purchasers.

A prayer by the appellee to amend the judgment in his favor, comes too late, when only filed on the day of argument.

A rehearing in this cause having been granted, it now came up for a second trial.

*Hyams*, for the defendant, Huie, asked and obtained a rehearing on the following grounds :

1st. That he had no interest in the note attached, as was fully shown on the trial in the court below, sustained by the verdict of the jury, showing the same to have belonged to Diggs, and which verdict has been also sustained by the Supreme Court, from which it follows, that, as he had no property within the jurisdiction of the District Court for the

17    VOL. XIV.

WESTERN DIST.
October, 1839.

GIBSON vs. HUIE,
AND DIGGS
vs.
HUNTER ET AL.
parish of Rapides, the attachment should have been dissolved, and there could only have been a personal action against him.    See cases decided by this court.    *Schlater vs. Broaddus,* 3 *Martin, N. S.* 321.    *Woodward vs. Brainard,* 6 *Martin,* 573.    *Astor vs. Winter,* 8 *Martin,* 203, 205.

2d. If there was no property attached, and the attachment, therefore, fell, the court was without jurisdiction, unless the District Court of the parish of Rapides had the power to cite personally before it, in personal actions, persons residing in another parish of the state, which this court has expressly decided in the negative, in two of its decisions. See *Evans vs. Saul and Wife,* 8 *Martin, N. S.,* 250.    *Thomas vs. Dixon,* 3 *Louisiana Reports,* 125, and the articles of the Code of Practice cited therein.    Whether Huie, at the time of the service of citation upon him in New-Orleans, was domiciled in New-Orleans, or a citizen of North Carolina, is a matter of indifference, the court of another jurisdiction than that of Orleans, had no power to cite him before it in a personal action.    He was in New-Orleans at the time citation from the parish of Rapides was served upon him. And as a citizen of North Carolina, or a resident of New-Orleans, it was only the courts of the latter that could cite him before them in a personal action.    See Code of Practice, article 162, and No. 6 of article 165.    One must be sued in his own domicil or residence.    Foreigners, or those who have no known or fixed residence may be cited wherever they are found.    In the case of Evans *vs.* Saul, above mentioned, this court decided, that where a party residing in the parish of St. Landry, had departed from the state, the court of that parish could attach property within its jurisdiction, but that the court had no jurisdiction to send process into another parish to cite him personally.

*Morphy, J.,* delivered the opinion of the court.

These cases were consolidated by an order of the court below, and tried together before the same jury.    In the first, the plaintiff seeks to recover back from his vendor, Huie, the price of certain slaves, on the ground of redhibitory

maladies; and, on an allegation that the defendant was a resident of North Carolina, attached a certain promissory note, in the hands of the makers, before its maturity; he also proceeded by personal citation, which was served on defendant in the city of New-Orleans. Huie appeared by attorney, and excepted to the action, on the ground that he was a citizen of New-Orleans, and that he ought to be sued in the place of his domicil. This exception being overruled, defendant then put in an answer to the merits, in which, after a general denial, he avers that he was not brought into court by the writ of attachment, because nothing had been attached, the note having been transferred and assigned by him to one Diggs, *before* the service of the attachment, as he would show on the trial of the cause. In the second suit, Diggs, as holder of the promissory note attached, sues the makers and endorsers. There was a verdict and judgment for the plaintiffs, in both suits, without regard to the attachment, and Huie and the makers and endorsers, prosecute the present appeal.

WESTERN DIST.
*October*, 1839.

GIBSON *vs.* HUIE,
AND DIGGS
*vs.*
HUNTER ET AL.

It appears to us that Huie's exception was improperly overruled, not on account of the grounds assumed by him, (for he did not show that he had a domicil in the state,) but because, in our opinion, the court below, in a case like the present, had no power to issue process of citation to be served in New-Orleans. *Code of Practice*, 129. The counsel for the plaintiff has called our attention to the 6th paragraph of article 165 of the Code of Practice, as supporting the course pursued. It provides that "when the defendants are foreigners, or have no fixed or known place of residence in the state, they may be cited wherever they are found." We understand this provision as giving the creditor the right of bringing his debtor into the courts holding jurisdiction over the place where he may be found, but not as authorizing the process of the courts of one district to be executed in other districts over which they have no jurisdiction.

We must next inquire whether Huie was brought into court under the writ of attachment. This depends on the fact of his ownership of the note attached at the time of

*Where the defendant is found, or resides within in the state, he cannot be cited to appear in a different jurisdiction, from that in which he may be at the time of bringing suit. In such a case one district court has no power to issue process to be served within the jurisdiction of another and different court.*

*Where a defendant avers that a certain note, held by him and attached in the hands of the makers, was transferred by him before service and notice of the attachment, and fails to show this, it will be taken for granted he was still in possession.*

*If a promissory note be attached in the hands of the makers before it is due, the holder and defendant cannot defeat the attachment by transferring the note after notice to the garnishees.*

*Attachments of negotiable paper in the hands of the makers, does not restrain its negotiability, provided the transfer be made before maturity, and without notice of the existing attachment to innocent purchasers.*

*A prayer by the appellee to amend the judgment in his favor, comes too late when only filed on the day of argument.*

the service of the attachment. By his averments, in his answer, he has assumed the burthen of proving that he had parted with the note, before service on the garnishees. Having failed to make any such proof, we must take it for granted that he was yet in possession of the note, and that, therefore, he was properly brought into court. Jurisdiction being once vested, he could not defeat or destroy it by negotiating and transferring the note. To permit him to do so, would be permitting him to take advantage of his own wrong. Great stress was laid, in the argument, on the time of the transfer of the note to Diggs, but only in relation to its effect on the attachment, in bringing Huie into court. As to him, the attachment must be maintained, and produce all its legal effects; but it surely could not impede the subsequent transfer of the note to an innocent purchaser. Attachments of negotiable paper, in the hands of the makers, cannot restrain its negotiability, provided the transfer be made before maturity, and without notice of the existing attachments. Nothing in the evidence raises the slightest suspicion that Diggs had any knowledge of the attachment, and the pleadings do not question his right to the note, nor call on him to prove the consideration he gave. From the view we have taken of the case, we do not deem it necessary to notice the bill of exceptions taken to the charge of the judge below. Gibson has not appealed from the judgment, and his prayer that it should be amended so as to give him judgment against the garnishees, cannot be considered, because it came too late, having been filed only on the day of the argument. *Code of Practice,* 890.

On the merits, the question of the existence of redhibitory defects at the time of the sale was left to the jury, and nothing in the record satisfies us that it is our duty to disturb the verdict. The evidence in the second cause appears to be sufficient to justify the verdict and judgment against the defendants.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.