## No. 9742.

### THE STATE EX REL. C. C. PIPER VS. JOSEPH BATT.

The statute authorizing the organization of corporations for literary, scientific, religious and charitable purposes, prescribes the course to be pursued in order to effect such incorporation, and also the method of making amendments or alterations of the original articles. Courts cannot regard or give effect to amendments not made in compliance with the mode prescribed by the statute.

Where the charter provides that the board of delegates, themselves elected annually, shall annually elect a chief engineer, the action of one board in electing such officer for a term of five years, cannot destroy the right and duty of succeeding boards to elect the engineer according to the charter.

The first election only conferred upon the person elected the right to hold the office for one year, or until his successor was elected and qualified, and when, after the expiration of the year, a succeeding board of delegates has elected another to the office, his qualification ended the term of the former occupant, whose former election was no valid or legal warrant for continuing in the office.

Failure to elect on the day fixed in the charter did not exhaust or destroy the power, and did not invalidate an election held at a subsequent regular meeting.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*Farrar & Kruttschnitt* for Relator and Appellee.

*W. S. Benedict* and *Richard Downing* for Defendant and Appellant.

———

The opinion of the Court was delivered by

FENNER, J. Relator, averring that he lawfully holds the office of Chief Engineer in the corporation known as the " Firemen's Charitable Association of the Sixth District of New Orleans," and that Joseph Batt claims said office, and asserts his right to perform the duties and functions thereof, invokes the writ of *quo warranto,* requiring said Batt to exhibt to the court the authority on which he bases his claim and pretensions.

Batt returns, as his warrant for claiming said office, an election, held in pursuance of the charter of the corporation, on December 11, 1885, at which he was chosen as the successor and for the unexpired term of Horace P. Phillips, deceased, who had been regularly elected as Chief Engineer for the term of five years, beginning on the 12th of August, 1884, and ending only on the like date of 1889.

There is no pretense on the part of Batt that he was elected otherwise than for the unexpired term of Phillips, or that he succeeded to any other right than Phillips would have possessed had he survived.

On the other hand, there is no dispute before us as to the validity of Batt's election as the successor and for the unexpired term of Phillips, whatever that may be.

The judge *a quo* so held, and relator does not controvert the finding.

The vital question is : has the term of Phillips, and of Batt, as his successor, expired ?

There is no doubt that the board of delegates which elected Phillips intended to elect him for a term of five years, and that Phillips had already filled such a term under a previous election, in 1879.

But the question is whether the board of delegates had the power to elect a Chief Engineer for a longer term than one year.

The association was incorporated under the laws of the State, providing for the organization of corporations for literary, scientific, religious and charitable purposes. Rev. Stat., secs. 677 to 682.

The corporate powers were vested in a board of delegates, to be elected *annually,* and amongst other officers, that of Chief Engineer is created, and it is unequivocally provided that he also shall be elected *annually* by the said board, after its own election and organization.

As the charter is the fundamental law of the corporation, unless the foregoing provision has been altered by amendment, legally made, it

is difficult to imagine how any board of delegates could claim the right to elect a Chief Engineer for a longer term than one year.

But the law which authorized the formation of such corporation, and provided the mode in which they might be formed, was equally careful in providing the mode in which acts of incorporation might be altered or amended, viz : by executing an authentic act containing the proposed amendments, submitting the same to the District Attorney for his opinion as to their legality, and, after obtaining his approval, recording his certificate to that effect with the act.   R. S. 679.

We could no more recognize the validity of an amendment not made in accordance with the foregoing requirements than we could recognize as a valid corporation an association which had never complied with like requirements of the law for their formation.

The charter itself contained a provision that "it could not in any way be altered, amended or repealed unless by consent of three-fourths of the whole board of delegates, notice of the same in writing having been given at a prior meeting."

Respondent seeks to show that such consent was given to an amendment altering the term of the Chief Engineer to five years.  The judge *a quo* found otherwise; but we consider this of no consequence whatever.   That provision merely directs the first step to be taken in order to secure an amendment.   It did not dispense with the necessity of following up this step by complying with the express requirements of law already indicated, nor could it give force to an amendment not made in conformity with those requirements.

It is not pretended that any amending act has ever been drawn or submitted to the district attorney, or approved by him or recorded.

Hence, it is perfectly clear that the original charter subsists intact, without alteration or amendment, as the fundamental law of the corporation.

The right and duty of each succeeding board of delegates, themselves elected annually, to elect annually a Chief Engineer, are expressly and unequivocally guaranteed by the charter, and it is impossible for one board, by electing that officer for the term of five years, to deprive succeeding boards of this right so secured.

The board of delegates, which entered upon their duties under the charter on the first Monday of January, 1886, have exercised this right by the election of the relator as Chief Engineer, and he is recognized as such officer by said board.   When relator qualified under this election, the term of Phillips, which had long since expired, and was only continued until his successor for a new term had been elected and

qualified, and of Batt, who held under like conditions, came to an end, and the judge *a quo* did not err in holding that the warrant asserted by respondent as the basis of his claim to the office was insufficient and invalid.

We do not consider that the election of Piper was invalidated by the fact that it did not take place on the day directed by the charter, but at a subsequent regular meeting. The time mentioned is not of the essence of the power, and the omission to observe it did not exhaust or destroy the power of election. Jacobs vs. Murray, 15 Cal. 221; 2 Hennen's Dig., p. 1580.

The estoppels set up against Piper have no force.

Judgment affirmed.