### No. 297.

THE STATE EX REL. J. J. DAVIS, MAYOR OF HAUGHTON, VS. POLICE JURY OF BOSSIER PARISH.

Where, in the selection of a parish seat, the Police Jury is authorized to ascertain the result of the election, and make a mere informal statement of votes, a mandamus will not issue to compel them to take this informal statement as the true result of the election.

This would be divesting them of a judicial discretion devolving upon them by legislative act.

After this informal statement, when the Police Jury compiles the vote and declares the result, it will be presumed they did their duty.   The disregarding and setting aside of the informal statement is not in itself evidence of fraud. The Police Jury being authorized to declare the result of the election, it is vested with the power to investigate and to eliminate fraud, and this court, in the absence of legislative authority, has no power to review the findings of the Police Jury.

APPEAL from the Second District Court, Parish of Bossier.
    Boone, J.

*Watkins & Watkins* for Relator and Appellee:

The parish seat of a parish can not be changed until an act of the Legislature has been passed for that purpose, and this act adopted at a special election "by a majority of the votes of the parish cast at such election." Const., Art. 250.

2.   Under this constitutional provision Act 33 of 1888 was passed, granting the people of Bossier parish the right of holding a special election for the removal of

64

State ex rel. Davis vs. Police Jury.

their parish seat from Bellevue to one of the several designated points. By this act it was the duty of the Police Jury of the parish to order the election, to receive the returns and proclaim the result of said election. Act 33 of 1888, Secs. 2, 4, 5, 6.

3. Under this act the duties of the Police Jury were specific and purely ministerial, giving them no discretion and conferring on them no judicial powers, and hence a mandamus proceeding may be resorted to " to compel them to fulfill the duties attached to their office, or which may be legally required of them." C. P., 40 An. 393, State ex rel. Patton vs. Judge; 36 An. 828; 15 An. 834; 85 An. 637; 41 An. 851, Woodruff et al. vs. Police Jury et al.; 32 An. 173 and 579, State ex rel. Barbin vs. Secretary of State; Dillon on Municipal Corporations, Vol. 2, pp. 862, 941; Cooly Const. Limitations, 623; McCrary on Elections, Secs. 151, 350, 226, 229.

4. In this act it is stated as the plain duty of the Police Jury to receive the returns of the commissioners of election and to proclaim the result. And " if they have made the compilation and promulgation upon other returns than those pre-scribed by law, they must make them over again, in a way to conform strictly to the statute. The writ of mandamus lies to compel them so to do." Quoted from 32 An. 573, State ex rel. Barbin vs. Secretary of State; 32 An. 173; 40 An. 393 to 397. State ex rel. Patton vs. Judge; 43 An., pamphlet 1, p. 95, State ex rel. Dennis et al. vs. Mayor.

5. Canvassers of election " can not go behind the returns for any purpose." Mc-Crary on Elections, 227, 229, 226, 350; Am. and Eng. Enc of Law, Vol. 6, p. 310; Cooley Const. Limitations, 623; 32 An. 173, 579.

*J. A. W. Lowry*, District Attorney, *Land & Land, Alexander & Blanchard* and *Joannes Smith* for Respondent and Appellant:

1. The proceedings of the Police Jury of the parish of Bossier of the date November 27, 1888, under Act 33 of 1888, have been adjudged inoperative and without legal effect. Hence such proceedings are not conclusive on the jury and can not be made the basis of a mandamus. 42 An. 968; 43 An. 125.

2. The Police Jury having ascertained and proclaimed the result of the election held under said act, and their decision having been carried into effect by the removal of the parish seat to Benton, mandamus will not lie to undo what has been done. High, Sec. 49.

3. All authority over said election was vested in the Police Jury by the act. The duties of the jury involved the exercise of discretion and the courts will not in-terfere with its decision. 41 An. 851; 43 An. 125; High, Sec. 57.

The opinion of the court was delivered by

McENERY, J. Act 33 of 1888 authorized the voters of the parish of Bossier, by election to select a parish site. The claims of the several towns to be recognized as the parish site, under the election held in pursuance of said act, have been frequently before this court. The facts are fully reported in the cases of Woodruff et als. vs. Police Jury, 41 An. 851; Davis vs. Police Jury, 42 An. 968; Police Jury vs. Judge, 43 An. 125. Under the Act 33 of 1888, the

Police Jury was invested with power to order the election, to appoint commissioners, to receive the returns and to ascertain and proclaim the result of the election. The President of the Police Jury was required to issue a proclamation declaring the place which had been selected as the parish seat.

On November 27, 1888, the Police Jury made an informal statement of the vote, but no result was ascertained, as no compilation had been made, as was required by Act 33 of 1888. This was so determined in the case of Davis, Mayor, vs. Police Jury, 42 An. 968, and Police Jury vs. Judge, 43 An. 125.

The present mandamus proceeding is a sequel to the suit of Davis vs. Police Jury, above referred to.

The petition for the mandamus recites the proceedings of the Police Jury on November 27, 1888, and alleges "that the table, or a list of voters, as returned to them and received by them, did show, as they, the said Police Jury of Bossier parish, La., declared on the 27th day of November, 1888, they ascertained to be the vote as cast at the election which was held on the 23d day of November, 1888."

The relator further alleges that "said table, as made by the Police Jury, the result of said election, was in favor of the town of Haughton, which town is legally entitled to be declared the parish seat, and it is the duty of the Police Jury of Bossier parish, under Act 33 of 1888, to compile the returns as sent in by the commissioners, as ascertained and as shown by their proceedings to be as above stated."

The prayer of the petition is that "the Police Jury be required to meet on or before the 24th day of November, 1890, and then and there to compile the returns of the election held on the 23d of November, 1888, as sent into them by the commissioners of election, as shown by their proceedings of November 27, 1888, to be as stated in the above petition, and to proclaim the result as that compiled."

There were exceptions filed to the jurisdiction, and no cause of action. These were referred to the merits.

In the case of Davis vs. Police Jury of Bossier, we held that the pretended compilation of the vote of the parish of Bossier cast for the selection of a parish seat was barren of results. "The statement of the vote was informal. No result was declared or proclaimed by any order on the vote of the Police Jury." 42 An. 968.

And again, in Police Jury vs. Judge, 43 An. 125, in referring to

that case, we said that "said proceedings" (viewing the statement of votes) "were inoperative, and did not constitute an ascertainment or proclamation of the vote."

We are, therefore, asked to divest the Police Jury of that discretion vested in them by Act 33 of 1888, and to compel them to declare the result of the election from a designated statement of votes, in no way authentic, so far as the record discloses. This case, in its present aspect, is similar to that of Woodruff et a vs. Police Jury, 41 An., where the Police Jury, it was declared, had ascertained and promulgated the result of the election in favor of the town of Haughton. The town of Benton proceeded, by mandamus, and asked that the true result of the election be ascertained by going behind the returns, and eliminating the alleged frauds from them.

We said, in this case, that "the court is not asked, in this case, to compel officers to discharge ministerial duties. It was asked to take from them duties involving discretion, to discharge these duties itself, and to compel them to make formal declaration of its result."

So, in this case, the relator, taking the informal statement of votes made by the Police Jury, on the 27th November, 1888, as the actual returns of the election, asks this court to compel the Police Jury of Bossier to treat them as the true and actual statement of votes, and to declare the result, as ascertained by their compilation, thus depriving the Police Jury of that quasi judicial discretion vested in them by the Act 33 of 1888.

The Police Jury of Bossier, however, has ascertained and declared the result of the election. The town of Benton, under the election by virtue of said Act 33 of 1888, is declared to be the parish seat. That they disregarded the informal statement of votes on November 27, 1888, is no evidence of fraud. In the absence of evidence of fraud, we must presume that the Police Jury of Bossier did its duty. They were authorized to declare the result; they had a judicial power of investigation to ascertain it, and to eliminate fraudulent votes from the returns. In the exercise of this power, we have no authority to review their finding. The Legislature invested them with it, and it belongs to the political power of the government to rectify the wrong, if any has been inflicted upon the town of Haughton or the inhabitants of Bossier.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled and reversed; and it is now ordered that the relief prayed for by relator be denied, and the mandamus proceeding be dismissed, with costs.