LAND, J.
This suit is an action to annul a judicial sale made under executory process in the above-entitled proceeding, and should have been entitled “Alic A. Aucoin v. Ernest A. Carrere.”
The sole ground of alleged nullity is that the three days’ preliminary notice provided by article 735 of the Code of Practice in case of orders of seizure and sale was served on Alie A. Aucoin in the parish of Lafourche, and not in the parish of Orleans, where he resided, where the property was situated, and where the suit was instituted.
The suit to annul was dismissed on an exception of no cause of action, and Aucoin has appealed.
Conceding that the notice should have been served in the parish of Orleans, the question is whether this defect furnishes good ground for annulling the judicial sale.
No citation is required in executory proceedings to foreclose a mortgage. Article 734, Code of Practice. A preliminary three days’ notice suffices. Article 735, Code of Practice. This notice should be served by the sheriff of the parish of the debtor’s domicile, whether the proceeding be instituted in such parish or in the parish of the situs of the property. Article 736, Code of Practice. In this case notice was served by the sheriff of the parish in which the debtor happened to be found. Such officer had no legal authority to serve the notice, and the service had no more legal efficacy than one made by an individual or by mail.
The Code of Practice does not provide what officer shall issue the three days’ notice; but it has been held that the clerk of the court should issue the notice, and that it should be served by the sheriff. Nash v. Johnson, 9 Rob. (La.) S. In that case the court said:
“The notice is something like a notice of judgment, and the delay accorded to the debtor, before the issuing of the writ, is to enable the party to apply to the judge for an appeal, or to adopt some other mode of redress, in case the proceedings are irregular or unlawful. It is possible that notice would he good, if signed by the sheriff, after an order or writ of seizure was in his hands; but until he gets such writ he has no authority to act, and can only serve the notice given him by the clerk.”
In Birch v. Bates, 22 La. Ann. 198, a sale under executory process was annulled because the notice was served after the seizure. The court said:
“Where recourse is had to this summary mode of enforcing the payment of obligations, it has been frequently held that the plaintiff should be strictly required to comply with all the legal formalities under the pain of nullity. Dufour v. Camfranc, 11 Mart. (O. S.) 609, 13 Am. Dec. 360; McDonough v. Gravier’s Curator, 9 La. 542; Arcenaux v. His Creditors, 6 La. 6; Code Prac. Art. 735.”
See, also, Billgery v. Ferguson, 30 La. Ann. 84; Hart & Hebert v. Pike Bros., 29 La. Ann. 262.
On the other hand, it has been held that the issuance of the notice by the sheriff, and not the clerk, is not good cause to annul the sale. In Jouet v. Mortimer, 29 La. Ann. 206, this doctrine seems to have been based on particular facts showing acquiescence, ratification, and laches on the part of the defendant in the executory process. In Succession of Sadler v. Henderson, 35 La. Ann. 826, and in Chase v. Gaslight Co., 45 La. Ann. 300, 12 *261 South. 308, it was held that such an irregularity did not constitute ground for annulment of the sale. But none of these cases touch the question at issue; that is, the service of notice by a sheriff of another parish, who had no writ in his hands, and who had no authority to make-service.
There can be no legal notice in executory proceedings without a legal service thereof by some duly authorized officer.
Original process of citation from a district court does not run beyond the limits of the .district, except in cases specially provided for in the Code of Practice. Amis v. Bank of La., 9 Rob. 348; Evans v. Saul, 8 Mart. (N. S.) 250; Gibson v. Huie, 14 La. 129. Hence, in the case at bar, the civil district court of the parish of Orleans was without .authority to send the notice to the parish of Lafourche for service.
A judicial notice which is served beyond .the territorial jurisdiction of the court and by an officer without authority cannot furnish a basis for a decree ordering the seizure .and sale of the defendant’s property.
The question of estoppel by silence and ac.quiescence appertains to the merits.
The judgment is therefore reversed, and it is now ordered that the exception of no cause of action be overruled, and that this cause be remanded for further proceedings according' to law; the appellee, Carrere, to pay the ■costs of this appeal.