(53 South. 968.)

No. 18,504.

THOMPSON v. EMERY.

(Jan. 3, 1911.)

*(Syllabus by the Court.)*

1. DIVORCE (§ 76*)—PROCESS (§ 61*)—CITATION —PLACE OF SERVICE—JUDICIAL DISTRICTS.

    A suit for separation from bed and board, brought by the wife at the matrimonial domi-

cile against her husband, temporarily residing in another judicial district, is not one of the exceptional cases where citation from the court in which the suit is brought can be sent beyond its territorial jurisdiction; and, in any event, the sheriff of such court has no authority to make service beyond such jurisdiction.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 252, 253; Dec. Dig. § 76;* Process, Cent. Dig. §§ 69, 70; Dec. Dig. § 61.*]

2. DIVORCE (§ 27*)—SEPARATION FROM BED AND BOARD—GROUNDS.

The allegations that the husband has failed to support the wife, and that she has been compelled to live with her parents, that he has contracted debts and has failed to pay them, and that he has pawned her piano, do not, separately or collectively, disclose a cause of action for separation from bed and board; but the allegation that the husband is subject to such paroxysms of rage as to cause her to fear for her life and to render them living together insupportable does disclose such cause of action.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 83; Dec. Dig. § 27.*]

3. DIVORCE (§ 124*)—SEPARATION FROM BED AND BOARD—EVIDENCE.

Testimony which consists of the deductions, or opinions, of witnesses, from facts not stated, is insufficient to authorize judgment of separation from bed and board.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 392–398; Dec. Dig. § 124.*]

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Charles A. O'Neill, Judge.

Action by Linnie S. Thompson against Charles F. Emery, Jr.; her husband. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Edward B. Dubuisson, for appellant. John N. Ogden, for appellee.

MONROE, J. Plaintiff obtained a judgment, decreeing a separation a mensa et thoro between her and defendant, on October 27, 1909, and on September 29, 1910, defendant obtained an order for the devolutive appeal which he is now prosecuting, and which plaintiff moves to dismiss, on the ground that the delay within which he might have appealed was 30 days, under Act No. 49 of 1871. That act amends and re-enacts article 573 of the Code of Practice making it read:

"Whoever intends to appeal may do so, either by petition or by motion in open court, at the same term at which the judgment was rendered, upon offering to give such surety as the court may direct, as hereinafter provided. But, in cases where the judgment decrees a divorce, such petition or motion of appeal must be filed within thirty days, not including Sundays, after the signing of such judgment, instead of ten days, and shall operate a suspensive appeal therefrom, and there shall be no devolutive appeal allowed thereafter."

The only change made in the article was the addition of the paragraph relating to appeals from judgments decreeing divorces. Prior to the amendment, the party cast in a suit for divorce, as in other cases, if a resident of this state, had the right to suspend the execution of the judgment by appealing within 10 days, or he could appeal after that time, and within 12 months, but in such case the appeal did not suspend the execution of the judgment, and the anomaly was presented that, with a final judgment decreeing a divorce, the parties might legally (apparently) marry again, only to find, upon the review of the judgment on the devolutive appeal, that they had never been legally divorced. Perhaps it would have been better if the amendment had gone further, and had included judgments decreeing separation from bed and board, but that was a question for the lawmaker to determine, and the courts cannot supply the legislation. Referring to the amendatory act in question, this court has said:

"This act, in distinct terms, applies only to cases of divorce. It does not apply to cases of separation from bed and board." Knoll v. Knoll, 114 La. 704, 38 South. 524.

The motion to dismiss the appeal is, therefore, overruled.

The judgment appealed from was rendered on confirmation of default, and it is attacked on the grounds that there was no legal citation, that the petition discloses no cause of action, and that the evidence adduced was insufficient.

The suit was instituted at Opelousas, in

the parish of St. Landry, and plaintiff alleges that she was married there, but that, though the matrimonial domicile is still at Opelousas, her husband is temporarily residing at Hammond, in the parish of Tangipahoa, and the sheriff (or a deputy of the sheriff) of St. Landry appears to have served the citation personally on the defendant at Hammond.

If it be true that the matrimonial domicile is still at Opelousas, the suit was properly brought, but it does not appear to be one of the exceptional cases in which citation runs beyond the territorial jurisdiction of the court, and, in any event, a deputy sheriff of the district court of St. Landry is without authority to serve process in the parish of Tangipahoa. Evans v. Saul and Wife, 8 Mart. (N. S.) 247; Amis & Another v. Bank, 9 Rob. 348; Carrere v. Aucoin, 122 La. 258, 47 South. 598; Code Prac. arts. 183, 184.

Plaintiff alleges that her husband has failed to support her and that she has been compelled, during the greater part of the time since her marriage, to live with her parents; that he has contracted debts which he has not paid, to her great humiliation and shame; that he has even pawned her piano, which she owned before her marriage, to raise money to spend on himself; that he has a fearful and abusive temper, often culminating in such paroxysms of rage as to cause your petitioner to fear for her life, and that their living together has become insupportable. Defendant's nonsupport of his wife, his pawning of her piano, and his failure to pay his debts, taken separately or collectively, are insufficient grounds on which to predicate the action; but if it be true that his paroxysms of rage are of such a character as to cause petitioner to fear for her life, and to render their living together insupportable, she would be entitled to the judgment prayed for. Civ. Code art. 138, No. 3. The evidence adduced is, however, insufficient, consisting as it does of the deductions, or opinions, of a couple of witnesses, rather than of statements of facts,' from which the court might reach its own conclusion.

It is therefore ordered, adjudged, and decreed that the objections to the legality of the citation and the sufficiency of the evidence be maintained, and that the judgment appealed from be annulled, avoided, and reversed, and case remanded to be further proceeded with according to the law, the costs of the appeal and those of the district court, incurred in and after the issuance of the citation, to be borne by plaintiff, all other costs to await the final judgment.