## STATE ex rel. JONES et al. v. CARRADINE et al.

### No. 11523.

Court of Appeal of Louisiana. Orleans.
Sept. 4, 1928.[1]

Rehearing Denied Oct. 15, 1928.

See, also, 12 La. App. 42, 125 So. 135.

Henry & Cooper and A. M. Suthon, all of New Orleans, for appellants.

Martin H. Manion, H. W. Kaiser, and Roger Meunier, all of New Orleans, for appellees.

WESTERFIELD, Judge.

This is a proceeding by quo warranto questioning the right of defendants to hold the office and perform the functions of directors of the Standard Industrial Life Insurance Company of Louisiana, Inc., a private corporation. Defendants filed an exception of no cause of action, which was sustained and the suit dismissed. From this judgment, the plaintiffs have appealed.

The right of the plaintiffs to maintain this action is questioned upon the ground that

[1] Received for publication April, 1933.

the writ of quo warranto may issue in Louisiana only to try title to an office of a public character.

The Code of Practice (article 867) defines the writ to be "an order rendered in the name of the State by a competent court, and directed to a person who claims or usurps an office in a corporation, inquiring by what authority he claims or holds such office." Succeeding articles are of interest in this connection. We quote:

"868. This mandate is only issued for the decision of disputes between parties in relation to the offices in corporations, as when a person usurps the character of Mayor of a city, and such like.

"With regard to offices of a public nature, that is, which are conferred in the name of the State by the Governor, with or without the consent of the Senate, or by election, the usurpations of them are prevented and punished in the manner directed by special laws.

"869. A mandate to prevent the usurpation of an office in a city or other corporation may be obtained by any person applying for it, and the party to whom it is directed must make his answer in writing within the time allowed by the court, and state the authority under which he exercises his office."

The argument is to the effect that while, under article 867, the writ may be "directed to a person who claims or usurps an office in a corporation," that the word "corporation" is used in a restricted sense and does not embrace other than public corporations. This interpretation, it is claimed, is justified by the language of article 868 where the writ is confined to disputes between "parties in relation to the offices in corporations, *as when a person usurps the character of Mayor of a city, and such like*." (Italics ours.) The italicized portion of the article quoted is said to be descriptive of the character of corporation referred to, i. e., public corporation such as the mayor of a city. On the other hand, it is contended that these words are merely illustrative and not restrictive or descriptive.

The provisions of our law relating to the writ of quo warranto are borrowed from the common law (Statute of Anne). State ex rel. Saunders v. Kohnke, 109 La. at page 846, 33 So. 793.

The law in England was anciently to the effect that the writ could not issue against persons usurping a private franchise and not connected with public government. The King v. Ogden and four others, 10 Barnewall and Cresswell, 230 (English Reports, Full Reprint, Vol. 109, at p. 437); 8 Q. B. 946, 16 L. J. Q. B. N. S. 89, 11 Jur. 56.

The law in England at present is to the same effect: "According to the English view, offices in private corporations are not of a public nature and therefore the right thereto cannot be questioned in quo warranto. This rule has been followed in Canada, and by some of the American Courts." 22 Ruling Case Law, verbo Quo Warranto, § 7, p. 666. Also see 32 Cyc. 1421.

The early jurisprudence in Louisiana, as well as in other states of the Union, was originally the same as in England:

"Those against whom such an information [in the nature of quo warranto] lies must claim to exercise some public office or authority." Commonwealth v. Dearborn et al., 15 Mass. 125.

"The writ of quo warranto will only issue on the relation of the Attorney General, in the name of the State, in cases where the whole community are interested, and will not be granted at the instance of an individual for the determination of a private right." Ramsey v. Carhart, 27 Ark. 12.

See, also, Cucullu v. Louisiana Insurance Co., 5 Mart. (N. S.) 472.

Counsel concede the law and jurisprudence to have been as we have stated, but they insist "that the trend of judicial decisions in this country has enlarged the application of statutes based on the English Statute to include the testing of title to office in private corporations as well, and that the articles of the Code of Practice have been so applied (to a private corporation) in at least one decision by the Louisiana Supreme Court." In so far as the decisions of other jurisdictions are concerned, there seems to be justification for counsel's attitude, particularly where the statutes originally adopted from the English statute have been modified so as to permit the use of this writ in contests for office in private corporations, as is evidenced by the following citation appearing in counsel's brief:

"Ouster of corporate officers. It seems to have been long settled in England that the office with respect to which the remedy by information would lie must have been public in nature, and that the usurpation of an office in a private corporation would not be inquired into in quo warranto proceedings. The remedy in that country was generally employed in cases of public or municipal corporations. By reason of these rules there was formerly some doubt in the decisions of this country as to whether the remedy was available for this purpose. It may, however, now be regarded as well settled in this country, that quo warranto is the proper remedy to determine the title to corporate offices and to oust an incumbent from the exercise thereof, as where such an office is usurped by a person who has no title thereto, either because there has been no appointment or election, because the appointment or election is void or voidable, or because the term of office of the incumbent has expired.

" * * * In addition the statutes usually declare that the remedy by quo warranto is proper for this purpose, and specially enumerate "offices of private corporations" in

stating that the remedy lies when offices or franchises are usurped or unlawfully held. This is true not only of the usual common law statutes patterned after the English statute of Anne, but also of statutes providing a substitute for quo warranto proceedings."

See, also, Thompson on Corporations, vol. 7, pp. 838, 839, § 5787; Grant v. Elder, 64 Colo. 104, 170 P. 198.

The case referred to as establishing the rule of jurisprudence in Louisiana permitting the use of this writ in relation to office in private corporations is that of State ex rel. Piper v. Batt, 38 La. Ann. 955. A reading of this case fails to disclose any reference to the point under consideration here. No objection seems to have been offered as to the propriety of the remedy resorted to by the applicant for the writ. The office which was the subject of contest in that case was that of chief engineer of the Firemen's Charitable Association of New Orleans, a private corporation to be sure, but one which, as matters then stood in this city, was affected with considerable public interest. Our attention is directed to the fact that the transcript in that case indicates that the Firemen's Charitable Association was organized for the purpose of extinguishing fires in the city of New Orleans and that its powers were vested in a board of delegates elected by five volunteer fire departments of the city; that one of the officers was a chief engineer whose duties were defined in a contract between the city of New Orleans and the Firemen's Charitable Association as expressed in an ordinance entitled "An Ordinance concerning the Fire Department of the Sixth District of the City of New Orleans." This Ordinance required the chief engineer to have a certificate of appointment from the mayor of the city. He was charged with the command of all members of the fire department and with the execution of all proper measures for the extinguishment of fires and required to make a report to the city of New Orleans of the number of fires, their causes, a description of buildings destroyed, names of owners, etc. Under the circumstances, we do not regard the case of State ex rel. Piper v. Batt as authority for the use of the writ of quo warranto in connection with contests for office in private corporations. In the first place, no such issue was raised in that case, and in the second place, it might well be said that the corporation, although private, nevertheless exercised such an important public function as to classify it as a quasi public corporation. Besides, the language of the Code of Practice (article 868) to the effect that "this mandate is only issued for the decision of disputes between parties in relation to the offices in corporations, as when a person usurps the character of Mayor of a city, and such like," seems to us to be descriptive rather than illustrative and to limit the use of the writ to public offices of the "character of Mayor of a City and such like." This view appears clearer when we remember that at the time of the adoption of the Code of Practice corporations were organized only by act of the Legislature, and only such corporations as exercise some public function in the common interest were chartered, of which the Canal and Citizens' Banks and Waterworks Company are familiar examples. When it is further considered that in all the years that this article of the Code of Practice has been in effect in this state, but one case can be found where any attempt has been made to extend the use of this writ to a private corporation, our confidence in the correctness of the views we express is increased.

We believe the district court in recalling writ of quo warranto and maintaining the exception of no cause of action acted properly, and for the reasons assigned, the judgment appealed from will be affirmed.

Judgment affirmed.