STATE ex rel. PALFREY et al. v. SIMS et al.*
No. 14500.

Court of Appeal of Louisiana. Orleans.
Oct. 30, 1933.

---

*Rehearing granted December 11, 1933.

H. W. & H. M. Robinson and Geo. E. Konrad, all of New Orleans, for appellants.

Ernest J. Robin, of New Orleans, for appellees.

WESTERFIELD, Judge.

This is a proceeding by quo warranto coupled with a prayer for injunction in which it is alleged that the relators, four in number, are the only qualified officers of the Victory Industrial Life Insurance Company of Louisiana, a negro industrial company located in the city of New Orleans, and that six other individuals are interfering with relators in the discharge of their functions, claiming to be the properly elected officers thereof in derogation of relators' rights thereto. The prayer is for recognition of the relators and for an injunction restraining the defendants from interfering with them in the discharge of their duties. Defendants are the incumbents, and their right to office is challenged upon a number of grounds all related to a certain meeting of stockholders which convened on November 7, 1932, at which meeting the defendants claimed to have been elected to the offices which they hold.

The case was tried on its merits below and judgment rendered dismissing plaintiffs' suit.

In the argument made and the briefs filed in this court the respective claims to office and the validity of the stockholders' meeting is challenged and defended in great detail. The right of the plaintiffs to the relief which they seek is not challenged upon legal grounds; the entire controversy thus far has been concerned with the validity, vel non, of the defendants' title to office.

The question of whether a quo warranto can issue to try title to office in a private corporation was not raised in the pleadings, the argument, or brief of counsel, and it was only when in our study of the case in chambers, our attention being focused upon the character of the relief prayed for, that we were reminded of the fact that the plaintiffs had mistaken their remedy, and, even though the point is not raised by either counsel, we cannot ignore the provisions of the Code of Practice and the interpretation placed upon them by our courts, particularly this court in State ex rel. Jones et al. v. Carradine, 147 So. 554, where the subject is considered at some length and the conclusion reached that the "writ of quo warranto will not issue to try title to office in a private corporation. Its use is confined to offices in public corporations such as mayor of a city," etc. The rule that appellate courts will not consider issues which have not been raised in the pleadings or considered by the trial court, Succession of Turgeau, 130 La. 650, 58 So. 497; Louisiana Land Co. v. Blakewood, 131 La. 539, 59 So. 984, has no application here, for the reason that a question of jurisdiction ratione materia is involved which the court must notice, sua sponte, 2 La. Digest Verbo, Courts, § 19. See, also, State ex rel. Woodruff v. Police Jury, 41 La. Ann. 846, 6 So. 777; Hagens v. Police Jury, 121 La. 634, 46 So. 676; State ex rel. Davis v. Police Jury, 43 La. Ann. 1009, 10 So. 359; State ex rel. Rees v. Foster, 111 La. 1087, 36 So. 200. In the Jones Case the same situation was presented as obtains here. The right of the defendants to hold the office and perform the functions as directors in a negro industrial life insurance company was the subject of the controversy. The only distinction, which, for the reasons we have stated, is a distinction without a difference, is that in the cited case the issue was determined upon an exception of no cause of action.

Our conclusion, therefore, is that plaintiffs' suit must be dismissed at their cost; consequently, for the reasons assigned, the judgment appealed from is affirmed.

Judgment affirmed.