RICHARD M. GAINES and another *v.* SARAH MORRIS, Tutrix, and another, Co-Tutor of the minor heirs of Elias Bass, deceased.

A single citation is sufficient where the defendants, sued as tutrix and co-tutor of certain minors, are husband and wife    C. P. 182.    And when not separated from bed and board, its service on either will be good.    Ib. 192.

A note endorsed in blank may be considered as one payable to bearer, and all the endorsements posterior to that of the payee, may be stricken out on the trial.    But in an action against the maker of a note, or the drawer or acceptor of a bill, all the endorsements stated in the petition, though unnecessarily, must be proved.

APPEAL from the Court of Probates of Concordia, *Dunlap*, J.

MORPHY, J,    The defendants and appellants are sued as tutrix, and co-tutor, of the minor children of Elias Bass, on two notes drawn by the latter, to the order of, and endorsed by, W. N. Thorn, and bearing other blank endorsements, stated in the petition.    They neglected to answer, whereupon judgment was entered up by default, and confirmed in due course of law.

The appellants, who are husband and wife, have urged the insufficiency of the citation, which the record shows to have been served on Sarah Morris, the tutrix, *in person*.    This, we think, was a legal service on both.    Article 182 of the Code of Practice requires only one citation for both, and its service on either is good.    Art. 192.

The judgment by default was made final, on proof of the signatures of the maker and payee, but none of the subsequent endorsements were proved, although specially averred.    It is true, that a note endorsed in blank, may be considered as one payable to bearer, and all the endorsements posterior to that of the payee, may be stricken out on the trial ; but as they were stated in the plaintiff's petition, and were suffered to remain on the note, the

signatures of the endorsers ought to have been proved. We find the rule laid down in Bailey on Bills, p. 489, (edition of 1836,) that in an action against the drawer or acceptor of a bill, or the maker of a note, all the endorsements stated, though some may have been stated unnecessarily, must be proved. The plaintiffs, who sue as the last endorsees, not having proved all the signatures, by which they allege that these notes were transferred to them, judgment was erroneously given in their favor.

It is, therefore, ordered that the judgment appealed from be reversed, and that the case be remanded, for further proceedings according to law; the plaintiffs and appellees paying the costs of this appeal.

*Shaw* and *Laurence*, for the plaintiffs.

*Stacy* and *Sparrow*, for the appellants.