No. 2724.—WILLIAM D. BIRCH v. WILLIAM S. BATES.

After prescription has accrued, parol evidence is inadmissible to establish an interruption. Acts of 1858, No. 208, section 4; 20 An. 293.

In a proceeding under an order of seizure and sale the sheriff must give notice three days before he makes the seizure. Seizure first and notice afterwards is irregular, and will be set aside on appeal.

A sale of property by the sheriff, without giving notice to the seized debtor as required by law, is a nullity, and conveys no title whatever to the purchaser.

APPEAL from the Sixth Judicial District Court, parish of St. Helena. *Ellis*, J. *George H. Penn*, for plaintiff and appellant. *McVea & Hunter*, for defendant and appellee.

TALIAFERRO. J. This action is brought to rescind an order of seizure and sale. It seems that the defendant, Bates, being owner and holder of two promissory notes drawn by plaintiff on the fifteenth of December, 1857, payable respectively in one and two years after date, and secured by mortgage on two small tracts of land, took out an order of seizure and sale, under which, in December, 1867, the land was sold, and Bates became the purchaser. Birch now sues to rescind the sale and to recover the property. The defendant had judgment in his favor in the court below, and the plaintiff has appealed.

The grounds of the action are that the notes were prescribed at the time the petition for the order of seizure and sale was presented; that no notice of the order was served upon him; that during the time the proceedings were going on by which his property was sold, he was absent from the State, and had no knowledge of them, and could make no defense. A series of credits, mostly of small sums, were indorsed on the notes, the first dated November 11, 1858, the second, on the tenth of November, 1866, and the last, on the sixteenth of that month and year. To each of these credits, the name of the defendant is affixed. It appears from the record that a proper notice of the order of seizure was, in the first place, issued and placed in the hands of the sheriff, who returned that the defendant, Birch, had left the State, and consequently that no service could be made upon him. Thereupon, soon afterwards, an attorney *ad hoc* was appointed to represent him. Subsequently the sheriff, after making sale of the property, indorsed on the writ the manner in which he had executed it. He recites that he received the writ on the twenty-second of October, made the seizure on the twenty-third, and on the twenty-fifth that he "served a notice

of seizure on W. D. Birch's counsel," and advertised the sale on the thirtieth, etc.

The note last due, viz: on the fifteenth of December, 1859, having a credit bearing date November 11, 1858, was clearly prescribed at the time the next credit was placed upon it, November 10, 1866, unless the obligation was renewed by a subsequent recognition of the debt and a promise to pay it. Bates introduced himself as a witness to prove the acknowledgment of the debt by Birch, his promise to pay it, and the genuineness of the credits as indorsed on the notes. The plaintiff objected to this evidence ; the court overruled the objection, and a bill of exceptions was reserved. We think the objection was well taken, and that the testimony should have been excluded. The act of March 18, 1858, sections 2 and 3, provides : "That hereafter parol evidence shall not be received to prove any promise to pay any written obligation where prescription has already run, but that in all such cases the promise to pay shall be proved by written evidence." See 21 An. 293, Offutt v. Chapman et al.

The notice required in cases of proceedings *via executiva*, is the notice that an order of seizure and sale has been rendered. This notice is served upon the defendant three days before the seizure is made, in order that he may pay the debt or otherwise satisfy his creditor to prevent his property being seized. The seizure first, and then notice of seizure, does not fulfill the requirements of the law. Where recourse is had to this summary mode of enforcing the payment of obligations, it has been frequently held that the plaintiff should be strictly required to comply with all the legal formalities under pain of nullity. 11 M. R. 607; 9 L. R. 542; 6 L. 6; C. P. article 735.

There being then no notice to the defendant, the proceedings had after the order was issued, are necessarily illegal and without effect.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; it is further ordered that the sale of the plaintiff's land, made by the sheriff on the seventh of December, 1867, be declared null and void, and that the plaintiff recover the same, and be put in possession thereof, without prejudice to the defendant to prosecute his claim under the order of seizure and sale according to law ; the defendant and appellee paying costs in both courts.

Rehearing refused.