MONROE, O. J.
Plaintiff brought suit alleging itself to be the holder and owner of two bills, of $38.14 and $84.89, representing the pro rata, under a contract entered into between the city of New Orleans and O. Hyland & Co., of the cost of laying banquettes in front of lot 6 in square 142 and lots 9 and 10 in square 139, respectively, of which the owner was alleged to be Miss Minerva W. Alfred, “lately become the wife of W. W. McArdle, with whom she is residing out of the state of Louisiana, exactly where your petitioner has been unable to ascertain.”
Following those allegations, there was a prayer for the appointment of a curator ad hoc to represent the absent defendant, and for citation upon him, and for judgment against Mrs. McArdle for the aggregate amount of the two bills, with interest and costs, and “with recognition and maintenance of petitioner’s first lien and privilege and right of pledge upon the real estate hereinabove described, and the right to be paid, by preference and priority over all other creditors, out of the proceeds of the sale of the property, the amount of its claim,” etc.
The curator ad hoc was duly appointed and qualified, and filed an answer alleging that he had “been unable to locate defendant or her husband,” and denying all the allegations of the petition. The case was then tried, and, after “hearing pleadings and evidence,” the court gave judgment against Mrs. McArdle personally for the amounts of the two bills, respectively, and certain interest upon each, and for $1.50’ cost of certificate, and costs of corfrt, with recognition of the lien and privilege claimed upon the property affected in each instance. And thereafter a writ of fieri facias was issued, under which the lots in question were seized, advertised, and offered for sale, with the result that lot 6 was adjudicated to Henry Uthoff for $200, and lots 9 and 10 were adjudicated to Vincent and Bertrand. Morías for $700, and the adjudicatees made the usual cash payments. They subsequently refused to pay the balance of the price, however, or to accept the titles tendered to them, and plaintiff ruled them to show cause why they should not be compelled so to do; to which they answered that the titles tendered were suggestive of litigation, and were not such as they should be required to accept, for the reasons that the court by which said judgment was rendered was without jurisdiction ratione personse et materias, for this, that it was not shown that Mrs. McArdle was an absentee, within the meaning of the law authorizing the appointment of a curator ad hoc; that each of the bills sued on was for an amount below that to which the original jurisdiction of the court extends, and that the two claims could not legally be cumulated; and that in no event could a personal judgment be rendered against Mrs. McArdle.
The district court sustained the defense; the Court of Appeal affirmed its judgment; and the ruling has been brought here for review.
The reasons assigned by the trial judge are not in the record, but we understand, from the briefs that have been filed, that he was of opinion that, the proceedings being in rem, the claims against the respective lots could not be cumulated for the purpose, or with the effect, of vesting original jurisdiction in the district court. The reasons assigned by the Court of Appeal read, in part, as follows:
“The only evidence of the absence of the defendant from the state consists of the affidavit *233 of the cashier of plaintiff bank that all the allegations in the foregoing petition are true and correct, to the best of his knowledge and belief, and the testimony of the same officer, on the original trial of the case against Mrs. McArdle. He testified that he made inquiries of different people but could not locate where the defendant lived; that, at last, he learned, from a brother of the defendant, that ‘she had recently married and gone on her trip to Denver,’ and that he wrote to Denver and failed to get an answer; that her brother also wrote and got no answer; that he understood that she went further, but that he was unable to locate her. We do not consider the proof of absence of the defendant, Mrs. Alfred McArdle, sufficiently established to justify the appointment of a curator ad hoc. * * * A judgment, against a defendant represented by a curator ad hoc who has been appointed on the allegation of absence from the state of the defendant will not be considered conclusive, unless the evidence makes it reasonably certain that the defendant was absent. * * *
“A person temporarily absent from the state is not an absentee in the sense of the articles of the Code above quoted [articles 47, 3556, No. 3], There is no prescription against the action for the nullity of a judgment rendered against a party without his having been cited. C. P. art. 612; Elmore v. Johnson, 121 La. 277, 282, 46 South. 310.”
Opinion.
We interpret the testimony of plaintiff’s sole witness to mean that he was informed that Miss Alfred, the registered owner of the lots in question, had recently married W. W. McArdle in New Orleans, where she was then domiciled, and had left, with her husband, on their bridal trip, from which the intention to return may reasonably he inferred, and the assumption that a domicile had been established elsewhere is unauthorized. There is no intimation in the testimony as to any inquiry concerning Miss Alfred’s place of residence in New Orleans prior to her marriage and departure on her trip to Denver, or concerning the domicile of her husband, which presumably became her domicile after the marriage.
For aught that appears, therefore, she may return at any moment, or may already have returned, prepared to show that both she and her husband were domiciled in this city before and after the marriage; that their absence at the time of the institution of the suit in question was merely temporary; and that service of citation might have been made at the matrimonial domicile, or, perhaps, upon an agent appointed to represent the wife. We presume that the curator ad hoe discharged his duty conscientiously, but we take it for granted also that, if his inquiries had extended beyond those of the witness to whom we have referred, he would have been called to the stand. Plaintiff, having undertaken to seeure the appointment of a curator ad hoc, should have been ready to establish the facts which would have justified the appointment. Farrell v. Klumpp, 13 La. Ann. 311; State v. Judge, 16 La. Ann. 396. Our conclusions are that plaintiff has failed to establish such facts; that it is not clear that the owner of the property which was adjudicated to defendants in rule was legally before the court in the proceeding leading to the adjudication; and hence that the title tendered to them is not such as they should be required to accept. In view of these conclusions, we find it unnecessary to consider the other questions mentioned.
It is therefore ordered that the judgment here made the subject of review be affirmed, and that the cost of this application be paid by the applicant.