(81 South. 296)

No. 22994.

ABBOTT v. PRATT.

(June 29, 1918. On Rehearing, March 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. ABSENTEES ☞5—PROCESS ☞140 — SERVICE ON CURATOR OF DEFENDANT—SHERIFF'S RETURN AS EVIDENCE OF ABSENCE OF DEFENDANT.

Sheriff's statement, in return of notice of demand or order of seizure against mortgagor, that after diligent search and inquiry he had been unable to find her, etc., *held* not evidence of the facts thus recited beyond what he was required to cover in his report, so that it was no proof of mortgagor's absence to justify appointment of curator.

2. ABSENTEES ☞5—SERVICE ON ABSENT DEFENDANT—APPOINTMENT OF CURATOR.

The party relying upon the regularity of the appointment of a curator ad hoc to an absent defendant must be prepared with evidence showing that defendant was absent, and not represented.

3. EVIDENCE ☞82—PRESUMPTION OF PROPER ACTION—ABSENCE OF FACTS.

The presumption of omnia rite acta can be indulged to show the regularity of the appointment of a curator ad hoc to an absent defendant, but only in absence of the facts themselves.

On Rehearing.

4. ABSENTEES ☞5 — MORTGAGES — FORECLOSURE — APPOINTMENT OF CURATOR AD HOC —MOTION—ABSENCE OF PROOF.

In suit to foreclose mortgage, where absence of mortgagor was not discovered until the sheriff attempted to serve notice to pay, when plaintiff presented formal motion for appointment of attorney to represent the mortgagor, with whom the proceedings were contradictorily carried on, under Code Prac. art. 737, the mere averment of his absence authorized the court to make the appointment; it not being required that absence of the mortgagor be shown by authentic evidence.

5. PROCESS ☞77 — SUBSTITUTED PROCESS — COMPLIANCE WITH STATUTE.

Though laws providing for substituted process are in derogation of ordinary rights, if the statute has been fully complied with, that is sufficient.

6. ADVERSE POSSESSION ☞76—MORTGAGES—FORECLOSURE — NOTICE TO PAY — DEFECT — CURE BY PRESCRIPTION.

Notice to pay, in executory proceedings on a mortgage act importing a confession of judgment, under the peculiar provisions of Louisiana law has not the importance of a citation in ordinary actions, but is a matter of form, defect in which or its service is curable by the prescription of 5 years.

Provosty, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Suit by Perry A. Abbott against Fernand G. Pratt. From judgment for plaintiff, defendant appeals. Affirmed.

McCloskey & Benedict and John J. McCloskey, all of New Orleans, for appellant.

Benjamin Ory, Felix J. Dreyfous, and Solomon Wolff, all of New Orleans, for appellee.

PROVOSTY, J. On April 25, 1910, Mrs. Langworthy purchased lot 1 in square bounded by Freret, Robert, South Robertson, and

Upperline streets, in this city. She paid $200 cash, and made her note for the balance of the purchase price in the sum of $1,450, payable in 5 years, with interest payable every six months, and stipulating that the failure to pay the interest promptly would cause the note to mature and become immediately exigible. She paid the interest falling due in October, 1910, April, 1911, and October, 1911, and then, for all that appears, failed to pay the interest falling due April 25, 1912; for, on April 30, 1912, executory process issued against her on the mortgage and vendor's privilege securing the payment of the note. The notice of demand, or of order of seizure, required by law to be served upon her was given to the sheriff on April 30th. On the next day, May 1st, he made return that "after diligent search and inquiry" he had been unable to find her, or her domicile, or any one legally authorized to represent her, but had been "credibly informed that she was now residing in Memphis, Tenn." Thereupon a curator ad hoc was appointed to represent her, and, contradictorily with this curator, the executory process proceedings were conducted, resulting in the sale of said lot at judicial sale to plaintiff's author in title. Whether any one ever lived on said lot does not appear. Plaintiff having sold the lot to defendant, and defendant having refused to accept title, this suit was brought, in July, 1917, to compel acceptance.

Defendant's objection to the title is that, for all that appears, Mrs. Langworthy may not have been served with the notice of demand, and that she might therefore bring suit on that ground for the nullity of said judicial sale.

Plaintiff answers that the said notice was served on the curator ad hoc, and that, this officer was properly appointed to represent Mrs. Langworthy, who was shown by the sheriff's return to be absent from the state, and that, moreover, the prescription of 5 years would be a good defense to any suit she might bring.

The service was properly made on the curator ad hoc if the appointing of that officer was proper, and the appointing was proper if Mrs. Langworthy was absent from the state; but no evidence of her said absence has been produced in this suit, and none was produced in the executory process suit, unless the return of the sheriff can be taken to have been such.

[1] The law requires the sheriff to make a return of how he has served the notice of demand, and specially provides what shall be stated in the return in case the service is not in person but at domicile. No provision is made for what must be stated in case the person to be served cannot be found, nor his or her domicile. C. P. 200, 203, 204, 736. But evidently what in that case is necessary to be stated is that the sheriff has not made the service, and probably also the reason why he has not made it; this reason being that he was unable to find the person to be served or his or her domicile. Any statement the sheriff may make beyond the foregoing is not called for by the exigency of the occasion, and is therefore not made in the discharge of any official duty, or under the sanction of his official oath, and, as a consequence, is not official. In other words, as to the matters which the sheriff is required to cover in his report, his return is an official document, and is evidentiary as such; but as to all matters he is not required to cover in his report, but which he gratuitously or officiously does include in the report, the return is not evidentiary. A sheriff's return has not the same evidentiary force in our law as at common law. Marvel v. Mavourier, 14 La. Ann. 3, 74 Am. Dec. 424. But even at common law "if the officer includes in his return facts which he is not required to certify, the return will not be evidence of

such facts." 18 Ency. of Pl. & Prac. 977. The statement made by the sheriff in his said return that he had made "diligent search and inquiry" may have been proper enough in justification of the officer; but it was not necessary, and is therefore not evidence. Had it been omitted the return would have been just as good, and, legally speaking, just as complete. And, moreover, we may note, in passing, that the search and inquiry, however diligent it may have been, was certainly not very protracted, since the notice was received one day and returned the next. And it is further noteworthy that the sheriff was not informed, by the petition nor by the notice, nor otherwise, for all that appears, of the last place of residence of Mrs. Langworthy in this large city. In the act of mortgage she is stated to be a resident of this city. The other statement contained in said return, that the sheriff was "credibly informed that Mrs. Langworthy was now residing in Memphis, Tenn.," was manifestly purely officious, and therefore was merely an unsworn statement, made elsewhere than on the witness stand, and not evidence. Our conclusion is that the said return was not evidence of the absence of Mrs. Langworthy from the state, and that in the absence of proof of her having been absent the service upon the curator cannot be held to have been a service upon her.

[2] The rule is well settled that the party relying upon the regularity of the appointment of a curator ad hoc to an absent defendant must be prepared with evidence showing that the defendant was absent and not represented. Whitney Central Bank v. Alfred, 136 La. 230, 66 South. 855; State v. Judge, 16 La. Ann. 390.

The learned counsel for plaintiff would distinguish these cases because in them the defendant was shown not to have been absent at the time the curator was appointed. But that fact in no way affects the doctrine of the cases, which is that the burden of showing the fact of the absence of the defendant to whom a curator ad hoc was appointed rests upon the party asserting the validity of the appointment.

[3] The learned counsel also invoke the presumption omnia rite acta, but presumption can be indulged in only in the absence of the facts themselves. Here we have the facts. We know that the absence of Mrs. Langworthy from the state was not sought to be shown otherwise than by the sheriff's return. Not even by allegation in the petition. And, hence the question reduces itself to whether such a return is proof of such absence; and we find that it is not.

In the absence of notice of demand, a judicial sale, made in executory process proceedings, is admittedly invalid; but plaintiff's learned counsel contend that such invalidity is cured by the 5 years' prescription. And, in support of this, they cite the cases of Allan v. Couret, 24 La. Ann. 24, Drouet v. Rice, 2 Rob. 377, Oriol v. Moss, 38 La. Ann. 770, and Richardson v. McDonald, 139 La. 651, 71 South. 934.

The notice involved in the case of Allan v. Couret, was not the notice of demand or of order of seizure, but was the notice of seizure, which is a notice of an entirely different character.

The case of Drouet v. Rice did not involve the notice of demand, or any other notice.

In Oriol v. Moss, the court said:

"We are not to be understood as extending this doctrine [of prescription of 5 years] to entire absence of notice, but only to cases where there has been a waiver or the like, showing actual notice."

In Richardson v. McDonald and same case under title Bank of Webster v. McDonald, 137 La. 574, 68 South. 959, there was no question of whether the curator ad hoc had or not been properly appointed, or of whether the notice of demand had or not been duly

served upon him; but the sole question in connection with the notice of demand was as to whether the notice should not have been addressed to J. F. Stevens, curator ad hoc of the defendant, McDonald, instead of simply, to "J. F. Stevens, Curator ad hoc;" i. e., without naming the defendant for whom J. F. Stevens was curator ad hoc. This evidently was a mere irregularity, if, indeed, it was one.

Plaintiff's learned counsel cite cases to the effect that irregularities in judicial sales are cured by the said prescription. No doubt of that; but the absence of citation, or the absence of notice of demand, which stands in the place of citation, whereby the defendant is to be afforded an opportunity to be heard is not a mere irregularity; it is a nullity, and not prescriptible. Carrere v. Aucoin, 122 La. 258, 47 South. 598; Hart & Hebert v. Pike, 29 La. Ann. 262. See, especially, Killelea v. Barrett, 37 La. Ann. 870.

The judgment appealed from is set aside, and the suit of plaintiff is dismissed at his cost in both courts.

## On Rehearing.

DAWKINS, J. [4, 5] A further consideration of this case leads to the conclusion that the situation is in no wise different to what it would have been had the plaintiff in the foreclosure proceedings, in the first instance, presented to the court a petition alleging the absence of the mortgagor, and praying for the appointment of a curator ad hoc or attorney to represent him. It was not required that the absence of the mortgage debtor should be disclosed by authentic evidence, but the mere averment of his absence was sufficient to authorize the court to make the appointment. Frost v. McLeod, 19 La. Ann. 80. His absence was not discovered until an effort was made by the sheriff to serve the notice to pay, and then it was that counsel for plaintiff in execution presented a formal motion to the court, asking the appointment of an attorney to represent him, and with whom the proceedings were contradictorily carried on. The article of the Code of Practice providing for the appointment of attorneys for absentees in such circumstances is as follows:

"Art. 737. If the debtor who has granted the privilege or mortgage is absent, and not represented in the state, the judge, at the request of the plaintiff, shall appoint him an attorney, to whom notice of the demand shall be given in the manner above directed, and contrarily with whom the seizure and sale shall be prosecuted."

On the face of the papers, the proceeding seems to have been regular and all that the law required. It is true that laws providing for substituted process are in derogation of ordinary rights, but if the statute has been fully complied with, that is sufficient. 21 R. C. L. p. 1283. To what extent, then, is the purchaser at such a sale bound to look beyond the decree of the court making the appointment and ordering the seizure and sale?

We must not lose sight of the fact that, under the peculiar provisions of our law, the proceeding is essentially one in rem, in which the debtor has, in effect, confessed judgment in advance, and authorized the sale of his property upon his failure to pay at maturity, and which right runs in favor of any bona fide holder of the obligation. All that is necessary to obtain the order for seizure in sale is to present to the court authentic evidence of the debt and the act by which it is secured. No issue is joined which permits the introduction of extraneous evidence, but the debtor may appeal on the face of the papers; or, if the debt has been paid, novated, or prescribed, the Code of Practice points out a specific remedy by injunction, and which is issued without bond. C. P. art. 739 et seq.

It has been suggested that if it be per-

missible to seize and sell the property of a debtor upon the bare allegation of his absence, one might be deprived of his rights though temporarily absent, and while in reality a bona fide resident of the state. The answer is that, unless the debt is due, there is not that sufficient evidence to sustain the order upon which the judge must act, the debtor has a right of appeal, suspensively for 10 days, and devolutively for one year, and a purchaser at foreclosure, where the debt was not due, would be charged with notice of this fact on the face of the record. On the other hand, if the debt is due and unpaid, the debtor must be held to a knowledge of the maturity of his obligation, and the physical seizure of the property, together with the 30 days' public advertisement necessary under the law, is sufficient to overcome any such equitable consideration that might exist in his favor. Again, how would it be possible to determine the absence of the debtor in such circumstances so as to bind him any further than he was bound under the proceedings in the matter now under consideration? In executory proceedings, the judge is not permitted to consider anything but the authentic evidence in granting the writ, and if you wished to determine the question of residence, with whom could it be done? Would it not necessarily have to be with a curator or attorney? If so, how much more effective would such a proceeding be, as to the debtor, than if a curator or attorney were appointed in the first instance? Yet, must the creditor be denied his remedy, and must his security be rendered valueless through the unwillingness of prospective purchasers to bid at such a sale, because of the creditor's inability to locate his debtor? If so, then an attractive form of security which the lawmaker has endeavored to provide, and which the solemn undertaking of the contracting parties attempted to put in that category, becomes a snare that the dishonest debtor may use at his pleasure, at least to the extent of provoking delays and litigation which the average investor would invariably steer clear of.

[6] We cannot attach to the notice to pay in executory proceedings, on an act importing a confession of judgment, under the peculiar provisions of our law, that importance which accompanies a citation in ordinary actions. We think the worst that can be said of it is that it is a matter of form, curable by the prescription of five years. Allan v. Couret, 24 La. Ann. 24; Chase v. Gaslight Co., 45 La. Ann. 300, 12 South. 308; Proceedings in Rem (Waples) § 601, p. 751.

For the reasons assigned, our former decree is set aside, and the judgment appealed from is affirmed at the cost of appellant in both courts.

O'NIELL, J., concurs in the decree, but is of opinion it would suffice to maintain the prescription of five years.

See dissenting opinion of PROVOSTY, J., 81 South. 299.