O'NIELL, C. J., concurs on the ground that there was no fraud, but dissents from the ruling that oral evidence was not admissible, and submits that, for the most part, the decisions cited do not sustain the ruling.

=====

(104 So. 115)

No. 25619.

### RING v. SCHILKOFFSKY.

### SCHILKOFFSKY v. RING et ux.

(March 30, 1925. On Application for Rehearing April 27, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Husband and wife** ⬥268(5) — **Wife not bound by community debt resting on community property.**

Where property on which husband and wife executed joint note and mortgage was community property under Civ. Code, arts. 2398, 2402, debt was community debt for which wife could in no way be bound, and, under article 2404, it was immaterial that title to property stood in name of wife, or that she should have joined in note and mortgage.

2. **Husband and wife** ⬥270(2)—**Service of citation on wife alone not made at husband's domicile held insufficient.**

In suit against husband and wife on note and mortgage executed jointly for which wife was not liable under Civ. Code, arts. 2398, 2402, 2404, demand for payment under executory process by mortgagee, as required by Code Prac. arts. 735, 736, made upon wife alone who was living apart from husband and not residing in husband's domicile, *held* insufficient; articles 182 and 192 being inapplicable.

3. **Adverse possession** ⬥74—**Execution** ⬥70—**Prescription; sale under executory process without notice of demand for payment previously served on debtor conveys no title; defective title on execution sale cured by prescription.**

A sale of property under executory process, without notice of demand for payment previously served on debtor, is null and conveys no title to purchaser, but irregularity is cured by prescription of five years.

4. **Mortgages** ⬥540 — **Mortgagee acquiring possession at sale under executory process, which was voidable, liable for revenue from property but entitled to credit for taxes and repairs.**

Mortgagee purchasing property at sale under executory process, which was voidable for irregularity, is liable for revenue of property from time he went into possession, but is entitled to credit for taxes and repairs, if any, and entitled to amount of mortgage with interest and attorney's fees, unless mortgagor has defense to such claim.

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

Action by John B. Ring against Joseph Schilkoffsky, consolidated with action by Joseph Schilkoffsky against John B. Ring and wife. From the judgment, Joseph Schilkoffsky appeals. Affirmed in part, and annulled in part.

M. J. Taylor and H. W. Robinson, both of New Orleans, for appellant.

F. Rivers Richardson, of New Orleans, for appellees.

ST. PAUL, J. On July 31, 1912, John B. Ring and Mary Helen Halsey, his wife, appeared before Jules F. Meunier, late notary public, and acknowledged that they were indebted to Joseph Schilkoffsky in the sum of $700, "borrowed money which the said Jos. Schilkoffsky has this day loaned and advanced to them," for the reimbursement whereof they furnished their joint and several (i. e., solidary) promissory note payable in one year.

And to secure the payment of said note

they then and there mortgaged in favor of said Jos. Schilkoffsky two certain lots of ground which the parties declared to be "the same property which the present mortgagors acquired by purchase from the German-American Homestead, per act. passed in this office on the 30th day of July, 1912."

[1] From which last declaration it will be seen that the property was acknowledgedly *community property.* R. C. C. art. 2402. And the debt was manifestly a *community debt,* for which the *wife* was and could be *in no way bound.* R. C. C. art. 2398.

It is therefore quite immaterial that the title to the property stood in the name of the wife, or that she should have joined in the note and mortgage. R. C. C. art. 2404.

## I.

The note having matured and not having been paid, Schilkoffsky sued out executory process thereon and caused the mortgaged property to be seized and sold to pay the note; and himself became the purchaser at the sheriff's sale thereof.

Thereupon John B. Ring brought this action to set aside the adjudication, and annul all proceedings had *subsequent to the issuance of the order for executory process,* on the ground that no notice of demand for payment was made upon him before said seizure was effected, as required by Code of Practice, arts. 735, 736.

The notice of demand for payment, relied upon by the mortgagee, is addressed to both husband and wife, and was served personally upon the wife but *not* upon the husband. At the time of said service the husband and wife were living apart, and the service upon the wife was not made at the husband's domicile. The sole question herein presented is the sufficiency of that service.

## II.

The mortgagee contends that the service was sufficient, and in accord with the provisions of Code of Practice, arts. 182, 192, reading as follows:

"Art. 182. Nevertheless, if the defendants are husband and wife, or minors, interdicted, or absent persons having the same curator, or persons represented by the same attorney in fact, or partners of the same firm, or members of the same corporation, it will be sufficient to deliver one single citation and one single copy of the petition to the person *representing such defendants.*" [Italics ours.]

"Art. 192. If the petition and citation be directed against a married woman not separated from bed and board from her husband, the service may be made by delivering to either the husband or the wife, or by leaving them at the domicile of the latter, by delivering the same to a person apparently above the age of fourteen years, living in their house."

## III.

Article 192, C. P., speaks for itself; it relates only to the service of citations addressed to the *wife* for the purpose of bringing *her* into court, and not to the service of citations addressed to the *husband* for the purpose of bringing *him* into court; and therefore it has no application whatever to this case.

Nor do we think that article 182, C. P., applies here. It is quite true that where husband and wife are made codefendants in a suit, a single citation addressed to husband and wife and served upon the *husband* alone suffices to bring *both* into court. Gilmore v. Gilmore, 9 La. Ann. 197; Jordan v. Anderson, 29 La. Ann. 749. And the reason is plain. Under C. P. art. 182, supra, when husband and wife are made codefendants, one citation addressed to both will suffice; but under C. P. art. 192, supra, any citation addressed to the wife may be served upon her husband, and of course the husband is brought into court by a citation addressed to him and served upon him personally. C. P. art. 188.

And it has been held that service on the wife alone of a citation addressed to the wife and to her husband, *to authorize her,* would suffice to bring the husband into court

*for that purpose*, where the suit was directed *against the wife* and the husband cited solely for the purpose of authorizing his wife to defend it. Holt v. Board, 33 La. Ann. 673; Hemel v. Carlisle, 1 Orleans App. 294; Twichell v. Buell, 13 Orleans App. 122. See, also, Phipps v. *Mrs.* Ruth Snodgrass, 31 La. Ann. 88. And doubtless the reason why the court took this liberal view of article 182, C. P., was because the authorization of the husband in such cases was an idle formality; since "If the husband refuse to empower his wife to appear in court, *the judge* may give such authority. Rev. C. C. art. 124. Which useless formality may now be entirely dispensed with. Act No. 219 of 1920, p. 365 (amending Act No. 244 of 1918, p. 435).

But the converse of the above propositions is not true. When the husband is made a codefendant in the suit because he *has a real interest in the suit* and is a necessary party thereto in *his own right* and not merely to authorize his wife therein, then it will not suffice that the citation (whether addressed to both or to him alone) be served upon *the wife alone* (unless at *his* domicile, and during his absence). And this court has never held otherwise.

And the reason for the distinction is that article 182, C. P., supra, provides that such joint citation to husband and wife may be served upon *"the person representing them."* So that such citation may be served upon *the husband* alone because he represents both himself and his wife (Rev. C. C. art. 2404; C. P. arts. 107, 192), but may *not* be served upon the wife alone because she represents only herself.

There is, however, one case which seems to hold otherwise, to wit, Gaines v. Sarah Morris, Tutrix, et al., Cotutor, 6 Rob. 4. But that case is readily distinguishable, even by its very title. The nominal defendants, husband and wife, were respectively tutrix and cotutor of the wife's minor children by a former marriage, and these minors were the real defendants. Manifestly, under such circumstances, a *service* upon either (and especially upon the *tutrix*) sufficed to bring the minors into court. The real question before the court was whether the minors had been brought into court; and it is immaterial how the court expressed itself in deciding that the minors had been sufficiently cited by service upon the *tutrix* alone.

As we said at the beginning, the note on which executory process issued was a community debt and signed by the husband, who alone was liable thereon, notwithstanding that the wife had also signed it (R. C. C. art. 2398); and the mortgage rested on community property of which the husband had sole control at the time he mortgaged it, notwithstanding it stood in the name of the wife (Rev. C. C. arts. 2402, 2404). It is otherwise since Act No. 186 of 1920, p. 304, amending Rev. C. C. art. 2334.

[2] Our conclusion is that on *the very face thereof* the husband was the sole party liable on the note and (legally) sole mortgagor of the property; and hence demand for payment under executory process should have been made upon *him*, and was *not* so made by service on the wife alone.

## IV.

The case of Knoblock & Rainold v. Posey, 126 La. 610, 52 So. 847, has no application here. In that case the mortgaged property had been purchased in the wife's name. And the act of purchase, to which her husband was a party, declared that it was purchased as separate property and entirely with separate funds. Thereafter the wife mortgaged the property and other separate property and gave her own note for the amount of the mortgage, all "with the authority of her husband and of the judge"; that is to say, the wife purchased the property as separate property, and mortgaged it as separate property, all with the authority of her husband.

But when sued upon the note and mortgage, she showed that the property had *not* been purchased with separate funds, and was *not* her separate property; that the note given by her had been used to extinguish part of the purchase price of the property, and thus constituted a community debt, for which she was not bound; and that plaintiffs, the mortgagee and holder of the notes, were aware of all these facts.

The court held, accordingly, that the wife was not *personally* liable on the note, nor was her (separate) property; *but* that the wife must be taken as having acted throughout as the agent of the community, with the consent of the husband. And the court gave judgment against her *as such* agent (in effect, against the community), and against the mortgaged (community) property.

And all that the court said therein, which might be thought to have any bearing on *this* case, was the following:

"In like manner, in the present suit, in so far as she has sought to have the mortgaged property released from the mortgage on that part of the property belonging to the community, she must be held to have been litigating as the agent and representative of the community. *How far it would be possible for a wife to stand in judgment for the community in this manner, in the absence of the husband from the suit, is a question not arising in the present case, since the husband has joined her and aided her throughout in the defense of the present suit.*" (Italics ours.)

We see nothing in the above which has any bearing on the issue involved in this case; certainly, *nothing favorable* to defendants' contentions.

### V.

[3] A sale of property under executory process without notice of demand for payment previously served upon the debtor is null, and conveys no title to the purchaser. Birch v. Bates, 22 La. Ann. 198; Carrere v. Aucoin, 122 La. 258, 47 So. 598. But the *irregularity* is cured by the prescription of five years. Abbott v. Pratt, 144 La. 741, 81 So. 296. In this case, however, the action to annul was brought almost immediately after the adjudication, and accordingly we must affirm that part of the judgment below setting aside the adjudication and annulling all proceedings had subsequent to the issuance of the order for executory process.

### VI.

[4] But we think the trial judge erred in condemning plaintiff for the total gross revenues of the property without deduction whatsoever. Defendant is, of course, liable for the revenues of the property from the time he went into possession under an adjudication which was voidable for irregularity. Farrell v. Klumpp, 13 La. Ann. 311. But he is entitled to credit for taxes, and repairs, if any, etc. Moreover, the property appears to have been adjudicated subject to a prior homestead mortgage almost equal to the whole price of adjudication, the interest on which, *plus* partial payments, may perhaps equal or even exceed the net revenues of the property; and he is also entitled to the amount of his own mortgage with interest and attorney's fees thereon, unless plaintiff has a defense to that claim (as to which we, of course, express no opinion here). But the fact remains that defendant owes no more than may be shown after an accounting, and it was error to condemn him for the whole amount of the gross revenues of the property. And hence that part of the judgment must be reversed, reserving, however, to the plaintiff the right to an accounting.

### Decree.

It is therefore ordered that the judgment appealed from be affirmed in so far as it sets aside the adjudication to the defendant (Schilkoffsky) and in so far as it annuls all proceedings had (in the suit to foreclose) subsequent to the issuance of the order for executory process; and that said judgment be reversed in so far as it condemns defend-

ant for the rents and revenues of the property "at the rate of $80 per month, from September 3, 1920," reserving, however, to plaintiff (Ring) the right to an accounting for said rents and revenues. It is further ordered that said plaintiff pay the costs of this appeal, and that said defendant pay all costs of the court below subsequent to the date of the order for executory process; the costs incurred up to said order for executory process, and all costs which may hereafter be incurred, to await the result of the final proceedings herein.

### On Application for Rehearing.

PER CURIAM. In deciding this case, we overlooked the fact that John B. Ring died while the suit was pending. One Angus Gaines is the administrator of the succession of Ring, and, as such, was made a party to the proceedings in this court before the decree was rendered. He has filed a petition for rehearing, or for a correction of the decree, so that he may be recognized therein as the administrator of the succession, and so that the right to an accounting for the rents and revenues of the property of the succession may be reserved to him, as administrator. The correction can be made without a rehearing.

The decree rendered by this court on the 30th of March, 1925, is now amended so as to read as follows:

The judgment appealed from is affirmed in so far as it annuls the sheriff's sale to the defendant Schilkoffsky, and in so far as it annuls the executory proceedings that were had subsequent to the issuing of the order of seizure and sale; the said judgment is annulled in so far as it condemned the defendant Schilkoffsky, to pay rents and revenues at the rate of $80 per month from the 3d of September, 1920; the right is reserved, however, to Angus Gaines, administrator of the succession of John B. Ring, to have an accounting from the said defendant, Schilkoff-

sky, for said rents and revenues. The succession of John B. Ring is to pay the costs of this appeal; the defendant Schilkoffsky is to pay the costs incurred in the civil district court subsequent to the order of seizure and sale; the costs incurred previous thereto and all costs that may hereafter be incurred in the foreclosure proceedings are to await the final result of the proceedings. With this amendment the rehearing is refused.