FOURNET, Justice.
 

 Plaintiffs instituted this suit to recover lots 19 and 20 of block 11 of the West Shreveport subdivision of the city of Shreveport, which were adjudicated to the defendant J. C. Fontaine at a foreclosure sale under executory proceeding instituted by J. C. Fontaine, and by him subsequently transferred to the defendant J. Flavel Foster, on the ground that the adjudication to the defendant Fontaine was null and void.
 

 The basis of plaintiffs’ action, as reflected by the pleadings, is (1) that the processes in the foreclosure proceeding, including notice to pay and notice of seizure, were issued to and served, on Torrie Brown, tutrix, instead of being issued to and served on plaintiffs, who were the defendants in the foreclosure proceedings, through -Torrie Brown, their tutrix, as required by subdivision 2 of Section 1 of Act 179 of the regular session of 1918; and (2) that the property was adjudicated to-J. C. Fontaine for an amount less than was sufficient to discharge two paving liens af-. fecting the property, in contravention of the provisions of Article 684 of the Code of Practice.
 

 Defendants filed a plea of non-joinder of parties plaintiff, based on the fact, as; shown in plaintiffs’ petition, that their attorney, who is not a party to this suit, had'
 
 *999
 
 taken title to one-half interest in the property in controversy; pleas of prescription of two and five years, based on Article 3543 of the Revised .Civil Code, as amended by Act 231 of 1932; and exceptions of no cause and no right of action.
 

 The trial judge maintained the .prescription of five years and the- exception of no cause of action. Plaintiffs have appealed.
 

 On February 12, 1927, Torrie Brown, duly authorized by an order of the first judicial district court, appeared in her capacity as dative tutrix of the plaintiffs here, who were then minors, before Ernest L. Blue, a notary public in and' for the Parish of Caddo, and executed a note for the Sum of $1,650, payable to her own order and endorsed by her in blank, and to secure the payment of same in principal, interest, and costs, including attorney’s fees, she granted a special mortgage affecting the property in controversy, containing the confession of judgment and the pact de non alienando clauses. The note not being paid in accordance with its terms, defendant J. C. Fontaine, holder of the riiortgage note, applied for and obtained an order for the seizure and sale of the property, and, on August 29, 1929, notice thereof was served on “Torrie Brown, Tutrix.” On September 5, 1929, the property was. seized by the sheriff and on the next day, September 6, notice of the seizure was served on “Torrie Brown, Tutrix.” The property was then duly advertised for sale and, on October 19, 1929, was sold at public auction to the defendant J. C. Fontaine (seizing creditor) for the sum of $400, which amount, less $28, representing cost of the proceedings, the sheriff applied to the credit of the writ. The certificate of mortgage read by the sheriff at the sale recited that there was recorded on June 28, 1929 two paving liens of $287.17 each.
 

 This suit was instituted on the 30th day of December, 1935.
 

 “Actions against * * * minors, must be brought directly against the tutor of the minor * * Article 115, Code of Practice.
 

 This court has held that a sale of property under executory process without notice of demand previously served upon the debtor is an informality subject to the prescription of five years within the meaning and contemplation of Article 3543 of the Revised Civil Code. Ring v. Schilkoffsky, 158 La. 361, 104 So. 115. Likewise improper service or lack of service of notice of seizure has been held to be such an informality. Succession of George Allan v. Couret, 24 La.Ann. 24.
 

 We therefore conclude that the sheriff’s failure to comply with the provisions of subdivision 2 of Section 1 of Act 179 of the regular session of 1918, governing the service of such notices, is an irregularity or informality within the contemplation of Article 3543 of the Revised Civil Code, as amended.
 

 This court held that defects resulting from a judicial sale in which the price does
 
 *1001
 
 not exceed prior existing mortgages (Whitehead v. Wiley, 9 La.Ann. 214), and those resulting from the sheriff’s omission to make the announcement that the purchaser was entitled to retain in his hands, out of the price of adjudication, the amount required to satisfy the privileged debts and special mortgages the property was subject to (Southern Mutual Insurance Co. v. Pike, 33 La.Ann. 823), are relative only. It was said in the latter case that “ * * * It is established not so much for the benefit of prior mortgagees, who, if the sale were legal, might be driven to an hypothecary action, as it is in favor of subsequent mortgagees and of the owner himself, who have an interest in having the property to realize as high a price as possible by the granting of facilities to purchasers.” Likewise the seizing debtor is interested in seeing that his property should not be sold for a price less than the law requires, because he would remain bound for whatever part of the debt is not satisfied by the sale of his property.
 

 Moreover, this court held, in the case of Laplace v. Laplace, 43 La.Ann. 284, 8 So. 914, that tax privileges and liens are not contemplated under Article 684 of the Code of Practice.
 

 We therefore conclude that the district judge properly sustained the prescription of five years and the exception of no cause of action.
 

 For the reasons assigned, the judgment of the lower court is affirmed.