### LANGFORD v. SPENCER et al.

### No. 6070.

### Court of Appeal of Louisiana. Second Circuit.

### Dec. 1, 1939.

Goff, Goff & Caskey, of Arcadia, for appellant.

Harold Moses, of New Orleans, and Meadors & Gensler, of Homer, for appellees.

HAMITER, Judge.

The ownership of a 120-acre tract of land situated in Bienville Parish, Louisiana, is contested in this petitory action.

On the sixth day of January, 1919, one Anthony Adams, whose then ownership is undisputed, mortgaged the property to the Federal Land Bank of New Orleans to secure the payment of a loan. The mortgage act contained the pact de non alienando.

The mortgagor, on July 17, 1930, conveyed such tract to J. W. Langford, and the latter on July 28, 1930, deeded it to W. C. Langford, the plaintiff in this suit. The deeds representing these transfers recited that the respective grantees assumed payment of the balance due under the mentioned mortgage.

The Federal Land Bank of New Orleans, on October 25, 1933, instituted suit No. 10,-361, in the Second Judicial District Court of Bienville Parish, Louisiana, seeking the foreclosure of its mortgage. Executory process was resorted to therein against the mortgagor, Anthony Adams.

At the sheriff's sale held on January 20, 1934, after the requisite advertisement, the property was adjudicated to the foreclosing mortgagee, the Federal Land Bank of New Orleans.

The adjudicatee, on the sixth day of March, 1936, conveyed the tract, together with other lands, to Tip Ray. The deed contained the following reservation:

"It is understood and agreed that a one-sixteenth royalty interest (one-half of one-eighth royalty interest) in and to all minerals and mineral rights in and under the

754

herein described property is hereby reserved unto the vendor, granting, however, unto the purchaser the right to lease the minerals and mineral rights without joinder of the vendor and to collect and retain all bonuses and all rentals and all royalties accruing under any leases so granted, except the one-sixteenth royalty interest herein above reserved which is to be paid direct to the vendor."

An oil and gas lease having a primary term of five years and affecting the acquired interest was executed by Tip Ray in favor of the Standard Oil Company of Louisiana on the date of his acquisition.

E. O. Spencer, one of the defendants in this suit, purchased the property from Tip Ray under a deed dated March 19, 1936. The instrument provided that the sale was made subject to the mentioned mineral reservation and oil and gas lease.

Recordation of each of the above described instruments in the proper records of Bienville Parish, Louisiana, followed its execution.

In his petition in this petitory action, W. C. Langford alleges that he is the true and lawful owner of the property, and then deraigns his title through Anthony Adams to the United States government. He further asserts that E. O. Spencer is in possession of the tract and illegally claims to be the owner thereof. The prayer of plaintiff is for judgment against the defendants E. O. Spencer, the Standard Oil Company of Louisiana, and the Federal Land Bank of New Orleans, recognizing his ownership of the property free of any claims of said defendants and placing him in possession thereof.

To sustain this action, plaintiff attacks the described mortgage foreclosure proceedings, contending that the mortgagor, Anthony Adams, was not legally served with the required process, and he was, therefore, not divested of his title to the property under the adjudication and sheriff's deed.

The Standard Oil Company of Louisiana, in its answer, denies plaintiff's ownership and avers the acquiring of the oil and gas lease from Tip Ray for a valuable consideration. It calls the lessor in warranty to defend the title to the lease and prays that he be condemned to return a proportionate part of the bonus and rentals paid in the event plaintiff is successful in the suit.

A joint answer was filed by E. O. Spencer, the Federal Land Bank of New Orleans, and the warrantor, Tip Ray, in which they deny plaintiff's ownership of the property. They admit, however, that defendant, E. O. Spencer, is in possession of it and that Anthony Adams held under mesne conveyances running back to the patent of the United States government. Specifically alleged on are the Federal Land Bank mortgage executed by Anthony Adams, the foreclosure proceedings in said cause No. 10,361, including the sheriff's deed, and the deeds from the adjudicatee to Tip Ray and the latter to E. O. Spencer.

By way of defense, said parties further aver:

"That under the law of the State of Louisiana in such cases made and provided judicial proceedings are prima facie valid until set aside by direct action with all parties at interest joined, and said proceedings cannot be collaterally attacked.

"That W. C. Langford acknowledged the ownership of the Federal Land Bank of New Orleans, under date of March 17th, 1936, in writing, and is, therefore, estopped from attacking or asserting title of the Federal Land Bank of New Orleans, and/or its transferees and your defendants specially plead estoppel.

"That your defendants desire and are entitled, under the law, to the benefits of prescription, and more particularly the prescription of 2 and 5 years, as provided by Civil Code, article 3543 as amended and your defendants particularly pleaded said prescription."

The letter on which the plea of estoppel is founded, admittedly written by plaintiff, is as follows:

"Gibsland, La.
"March 17, 1936
"The Federal Land Bank of New Orleans
"New Orleans, La.
"Gentlemen:
"This letter has reference to two farms in the Parish of Bienville that I formerly owned and that were foreclosed.
"120 acres in Section 34-18-6, known as Anthony Adams place. The other 126 acres in Section 15 & 22-17-7.
"A combination of circumstances made it impossible at the time to protect myself against foreclosure; the collapse of business—long periods of sickness in my family and two deaths with all expenses incident thereto placed me in such financial position that I could not even offer any

partial payment against past due installments.

"I would be glad to know now if either or both of these properties could be redeemed, and if so, the terms by which a title could be re-acquired.

"Yours truly,

"W. C. Langford."

The case went to trial and there was judgment overruling the plea of estoppel and sustaining the plea of prescription of two years. The decree, of course, had the effect of rejecting the demands of plaintiff and dismissing his suit. From it he appealed.

Appellees urge in this court, under an answer to the appeal, that the judgment be amended by sustaining the plea of estoppel, and as amended, that it be affirmed.

In the original petition of the mortgage foreclosure proceedings, via executiva, the validity of which is herein assailed, the mortgage creditor averred that the said Anthony Adams resided at Gibsland, Louisiana, this being a town in Bienville Parish. The usual notice of demand for payment issued after the institution of the suit. The deputy sheriff, to whom the document was handed, attempted to make service of it but could not find the named defendant. Thereupon he informed the attorney for the foreclosing litigant that, "Anthony Adams couldn't be found in Bienville Parish", and also that, he "talked to an old negro, Robert Neal, that lived near this property and that he told me he didn't know where he was".

On December 1, 1933, or more than a month after commencement of the proceedings, a supplemental petition was presented to the court, in which it was alleged:

"That since the filing of its original petition in suit No. 10,361, petitioner has discovered from information received from the returns of the sheriff and from other sources that the defendant has no known place of residence in the State of Louisiana, or in the Parish of Bienville, is not represented in this State and that appointment of a curator ad hoc to represent the said defendant in these proceedings, is therefore necessary."

The prayer was that the suggested appointment be made, and for service according to law. An affidavit signed by petitioner's attorney, accompanied the pleading. On the same date the court ordered the appointment of B. F. Barnette, attorney at law, as curator ad hoc to represent the said Anthony Adams.

Service of a notice of demand for payment and notice of seizure followed in regular order, and the sheriff's return of each recited that service was made on B. F. Barnette, attorney at law, appointed to represent the absent defendant.

The discussed appointment was made under the authority of Article 737 of the Louisiana Code of Practice, which is found in the chapter that deals with executory process. It reads:

"If the debtor who has granted the privilege or mortgage is absent, and not represented in the State, or if he can not be found and served after diligent effort, though he may still reside within the State, the judge, at the request of the plaintiff, shall appoint an attorney, to represent debtor to whom notice of the demand shall be given in the manner above directed, and contradictorily with whom the seizure and sale shall be prosecuted."

According to the evidence adduced, Anthony Adams was living in the adjoining Claiborne Parish, Louisiana, near the town of Haynesville, at the time of the appointment of the curator ad hoc and of the service of process. This town is about four miles from the Arkansas line and approximately 35 miles from the property involved herein.

The plaintiff in the instant case urges that in view of the allegations of the mentioned supplemental petition, and of the verbiage employed on the notices issued, including the returns thereon, the foreclosure proceeding must have been based on the assumption that Anthony Adams was an absentee from the state; and as he was then actually present in Claiborne Parish, Louisiana, he did not receive the required and proper notice and such proceeding was an absolute nullity.

In view of the provisions of Civil Code article 3543, as amended by Act 231 of 1932, and of the jurisprudence of this state interpreting and applying those provisions, we find it unnecessary to determine whether or not the notice given Anthony Adams was improper; for even if an irregularity existed there, it has been cured by reason of two years' prescription.

The mentioned article 3543 of the Civil Code in its amended form reads:

"Any and all informalities of legal procedure connected with or growing out of any sale at public auction of real or personal

756

property made by any sheriff of the parishes of this State, licensed auctioneer, or other persons, authorized by an order of the courts of this State, to sell at public auction, shall be prescribed against by those claiming under such sale after the lapse of two years from the time of making said sale, except where minors or interdicted persons were part owners at the time of making it, and in the event of such part ownership by said minors or interdicted persons, the prescription thereon shall accrue after five years from the date of public adjudication thereof."

Before the amendment, the only prescriptive period fixed in the article was that of five years, and it applied to all persons.

With reference to the matter of prescription affecting the service of process, the law of this state seems to recognize a distinction between the giving of notice under executory process and the citing of a defendant in ordinary actions; for in Abbott v. Pratt, 144 La. 741, 81 So. 296, 299, on rehearing, we find:

"We cannot attach to the notice to pay in executory proceedings, on an act importing a confession of judgment, under the peculiar provisions of our law, that importance which accompanies a citation in ordinary actions. We think the worst that can be said of it is that it is a matter of form, curable by the prescription of five years. Allan v. Couret, 24 La.Ann. 24; Chase v. New Orleans Gas Light Co., 45 La.Ann. 300, 12 So. 308; Proceedings in Rem (Waples) § 601, p. 751."

It was stated by the court in Ring v. Schilkoffsky, 158 La. 361, 104 So. 115, 118, that:

"A sale of property under executory process without notice of demand for payment previously served upon the debtor is null, and conveys no title to the purchaser. Birch v. Bates, 22 La.Ann. 198; Carrere v. Aucoin, 122 La. 258, 47 So. 598. But the irregularity is cured by the prescription of five years. Abbott v. Pratt, 144 La. 741, 81 So. 296."

In the recent case of Morris v. Foster, 192 La. 996, 189 So. 601, 602, it is said:

"This court has held that a sale of property under executory process without notice of demand previously served upon the debtor is an informality subject to the prescription of five years within the meaning and contemplation of Article 3543 of the Revised Civil Code. Ring v. Schilkoffsky,

158 La. 361, 104 So. 115. Likewise improper service or lack of service of notice of seizure has been held to be such an informality. Succession of George Allan v. Couret, 24 La.Ann. 24."

The foreclosure proceeding involving the allegedly improper notices, which plaintiff assails, was by way of executory process; and, according to the cited jurisprudence, the complained of irregularity was an informality. In view of this, and as a period of more than two years intervened between the date of the sale and the commencement of this attack, it must be held that the prescription provided by the aforequoted codal provision has accrued.

This holding makes unnecessary a consideration of defendants' plea of estoppel.

The judgment appealed from is affirmed.