MILBURN v. PROCTOR TRUST CO. et al.

No. 9642.

Circuit Court of Appeals, Fifth Circuit.

Sept. 9, 1941.

Rehearing Denied Oct. 13, 1941.

James W. Hopkins, of New Orleans, La., for appellant.

A. B. Freyer, Sr., and A. B. Freyer, Jr., both of Shreveport, La., Camden K. Staples, of Alexandria, La., and T. L. Foster and J. W. Timmins, both of Dallas, Tex., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, Elise N. Milburn, is the granddaughter and one of the heirs of Wm. C. Milburn and his wife, Lise LeBlanc. She brought this suit in the form of a petitory action against appellees, Proctor Trust Co. and Sun Oil Co., to establish her ownership of a 1/15 interest in certain land in Avoyelles Parish, described in the complaint, and in the alternative for a 1/30 interest in part of the land as heir of her grandmother. Proctor Trust Co. claims through Wm. C. Milburn, by virtue of a sheriff's deed issued in a foreclosure suit, dated June 18, 1932, and an administrator's deed issued in the succession proceedings of Wm. C. Milburn, dated January 7, 1933. Sun Oil Co. is the assignee of the mineral rights of the land by virtue of a lease from Proctor Trust Co., acquired March 6, 1934. Appellant attacked these deeds as nullities on various grounds. Both defendants filed answers, relying upon the deeds and pleading the prescription of five years, under the provisions of La. Civil Code, Art. 3543, as amended by Act 231 of 1932, which provides, in substance, that any and all informalities of legal procedure growing out of any sale at public auction of real or personal property made by any sheriff or other person authorized by an order of court to sell at public auction shall be prescribed against by those claiming under such sale after the lapse of five years even against minors and interdicts.

The case was tried by the court without a jury. In a well considered opinion, found in the record, the District Court reviewed the facts and the law, sustained the plea of prescription and concluded that Proctor Trust Co. had good and valid title to most of the land but gave judgment in favor of appellant for a 1/30 undivided interest in a small portion, described as S. E.¼ and E.½ of S.W.¼ Sec. 20 Township 2 S. Range 3 E., as an heir of her grandmother.

The material facts may be briefly stated.

Wm. C. Milburn for many years operated the land in dispute as a rice plantation. The part in which the judge awarded a 1/30 undivided interest was property of the community existing between himself and his wife. As to the balance it was all his separate property. In 1925 he borrowed $8,500 from the Proctor Trust Co. and secured the loan by a mortgage on 560 acres of the land. His wife died in 1899 and he did not remarry. Milburn died February 29, 1932. The unpaid part of the loan, including interest at that time amounted to over $10,000. The mortgage contained provisions maturing the entire debt for default in payment of interest or principal, confessing judgment and waiving appraisal. Proctor Trust Co. brought proceedings against the heirs to foreclose the mortgage by executory process under the provisions of Articles 732, 734 and 735 Louisiana Code of Practice, which provide for an action in rem against the debtor or his heirs, seizure and sale of the property on a simple petition without a previous citation of the debtor, on three days notice to the debtor. The sheriff seized the property, served a notice on R. E. Milburn, one of the heirs against whom the suit was brought, and in due course advertised and offered it for sale. At the sale it was bought in by Proctor Trust Co. for $3,000, which amount was applied on the debt. Thereafter, Proctor Trust Co. as creditor for the balance of the debt caused the succession of Wm. C. Milburn to be opened. Guy Sherrill, who was the agent of Proctor Trust Co. for the placing of loans, collection of interest and other matters connected therewith, was appointed and qualified as administrator. He had no interest in the Proctor Trust Co. except as agent. The property was advertised for sale at auction for 30 days but when offered there were no bidders. It was again offered after advertising for 15 days and Proctor Trust

Co., through its attorney, C. K. Staples, was the only bidder and bought it in for $500. Evidence in the record tends to show that $500 was about all it was worth as a good deal of it was cut-over timber land. After that Proctor Trust Co. offered to sell the land to the heirs for an amount sufficient to pay its debt but this was declined. Proctor Trust Co. remained in peaceful possession of the property until this suit was filed and paid taxes. Shortly before this suit was filed oil had been discovered either on the land or adjacent thereto and the property became valuable. The mineral lease to Sun Oil Co. was executed March 6, 1934.. The District Court held that the succession was insolvent and there were no irregularities in the foreclosure of the mortgage or in the succession proceedings, but if there were any, they were cured by the prescription of five years. But as to the property in which the 1/30th undivided interest was awarded to appellant, Wm. C. Milburn was the owner of only ½ with the usufruct of the other half, which ended with his death and at which time the complete ownership vested in the heirs of his wife.

We concur in the conclusions of the District Court. The following Louisiana decisions sustain that conclusion. Ring v. Schilkoffsky, 158 La. 361, 104 So. 115; Morris v. Foster, 192 La. 996, 189 So. 601; Abbott v. Pratt, 144 La. 741, 81 So. 296; Citizens' Bank v. Heirs of Jorda, 45 La.Ann. 184, 11 So. 876; Lesseps v. Lapene, 34 La.Ann. 112; Herriman's Heirs v. Janney, 31 La.Ann. 276; Succession of Kellogg, 51 La.Ann. 1304, 26 So. 262.

The judgment is affirmed.