20 So.2d 410

**STRANGE et al. v. FEDERAL LAND BANK OF NEW ORLEANS et al.**

No. 37390.

Dec. 11, 1944.

Harvey G. Fields, of Shreveport, for plaintiffs and appellants.

J. S. Atkinson, Frederick E. Greer, and C. C. Richmond, all of Shreveport, for defendant-appellee Gulf Refining Co.

Harold Moses, of New Orleans, and Meadors & Gensler, of Homer, for other appellees-defendants.

HIGGINS, Justice.

The plaintiffs, residents of Eldorado, Arkansas, brought this action against the defendants to annul the sale of real estate at public auction in a foreclosure proceeding via executiva, and also the subsequent transfers by the purchaser of property rights in the land to others. The sole ground of absolute nullity claimed by the plaintiffs is that they were residing in the Parish of Claiborne, where the land was located, at the time the foreclosure proceeding was instituted against them and, therefore, the appointment of a curator ad hoc to represent them as absentees was illegal, as well as all proceedings conducted contradictorily with him.

The defendants filed pleas of prescription of two years under Article 3543 of the Revised Civil Code, as amended by Act 231 of

1932, on the ground that, even if the plaintiffs were present in the Parish at the time the curator ad hoc was appointed to represent them (which is emphatically denied), nevertheless, the appointment of the curator ad hoc under the circumstances was an informality cured by prescription.

The trial judge sustained the pleas and dismissed the suit.

The plaintiffs appealed.

The petitioners allege that on or before May 18, 1935, and at all times subsequent thereto, they have been the owners of the property in question; that the defendants are in possession of the property holding a sheriff's deed executed on July 6, 1935, conveying the property to the Federal Land Bank of New Orleans; that the suit out of which arose the sheriff's deed was a proceeding by executory process to foreclose a mortgage held by the Federal Land Bank of New Orleans on the land now sought to be recovered; that on April 26, 1937, the bank conveyed the property to T. S. Sale, one of the defendants, with certain mineral reservations; that on April 30, 1937, Sale executed an oil, gas and mineral lease on the property in favor of the Gulf Refining Company; and that there were certain other mineral sales and donations involving the property made to other named defendants. There is no allegation of fraud or bad faith on the part of the foreclosing creditor.

The sole issue in the case is whether the alleged irregularity is an informality cured by prescription or an absolute nullity.

In the case of Dixon v. Federal Land Bank of New Orleans, 196 La. 937, 938, 200 So. 306, 310, the plaintiffs sought to have annulled a public sale of land made by the sheriff under executory process, claiming that the defendants in the foreclosure proceedings were present in the Parish and not absent from the State and, therefore, the appointment of a curator ad hoc to represent them therein struck the sale with absolute nullity. The defendants pleaded prescription of two and five years under Article 3543 of the Revised Civil Code, as amended by Act 231 of 1932. In affirming the judgment sustaining the plea of prescription after discussing certain authorities, we said:

"These cases definitely and firmly establish the principle that, in foreclosure proceedings via executiva under a mortgage importing a confession of judgment, the judge to whom the application to foreclose is presented may and should appoint an attorney to represent the debtor where the foreclosing creditor alleges that the debtor is absent from the state and the application for such appointment is made on that ground. The order making the appointment is not absolutely null merely because it subsequently develops that the debtor was in fact present in the state at the time. And, because this is true, it follows necessarily that foreclosure proceedings conducted contradictorily with an attorney thus appointed and a public sale of the mortgaged property made under such proceedings are not absolutely null and void 'ab initio', as plaintiffs contend.

"Whether the mortgage debtor could, within a reasonable time and on proper application, have the sale made under such circumstances set aside is a question not before us, and we do not decide it. But what we hold is that executory proceedings via executiva and a sale of mortgaged property made thereunder, in a manner disclosed by the record in this case, are not absolute nullities. On the face of the papers presented, the requisites of the law were complied with.

"We hold further that, after the expiration of the prescriptive periods fixed in Article 3543 of the Revised Civil Code, as amended by Act 231, page 732, of 1932, legal proceedings of this kind and public sales made thereunder cannot be stricken down because of such irregularities as are here complained of. The most, or the worst, that can be said of such irregularities is that they are 'informalities', as that term is used in the Code. The above article of the Code, as amended, reads as follows:

" 'That any and all informalities of legal procedure connected with or growing out of any sale at public auction of real or personal property made by any sheriff of the parishes of this State, licensed auctioneer, or other persons, authorized by an order of the courts of this State, to sell at public auction, shall be prescribed against by those claiming under such sale after the lapse of two years from the time of making said sale, except where minors or interdicted persons were part owners at the time of making it, and in the event of such part ownership by said minors or interdict-ed persons, the prescription thereon shall accrue after five years from the date of public adjudication thereof.'

"This article of the Code is, in a sense, a statute of repose, intended to quiet and give stability to land titles and to create confidence in judicial sales. Munholland v. Scott, 33 La.Ann. 1043. In the case at bar, the suit attacking the executory proceedings and the sale made thereunder was filed five years and eight months after the sale was made, or after the longest period of prescription mentioned in the Code, as amended, had expired.

"We hold that such irregularities as constitute the basis of plaintiffs' attack in this case have been cured by prescription, which was especially pleaded by defendant. This ruling is supported by the following cases: Abbott v. Pratt, 144 La. 741, 81 So. 296, on rehearing; Ring v. Schilkoffsky, 158 La. 361, 104 So. 115; Morris v. Foster, 192 La. 996, 189 So. 601; Langford v. Spencer, La. App., Second Circuit, 192 So. 753.

"Plaintiffs did not allege that the foreclosing creditor intended to perpetrate a fraud by applying for the appointment of an attorney to represent the surviving spouse in community. They merely alleged that the attorney for the creditor knew, or should have known, that she was residing in the parish of Webster, where the property is situated and where the proceedings were conducted."

It is our opinion that the foregoing case is applicable and decisive of the issue herein presented.

For the reasons assigned, the judgment appealed from is affirmed at the appellants' costs.

O'NIELL, C. J., dissents.